# Appendix A

C

**Effective: October 26, 2001**

United States Code Annotated Currentness
  Title 31. Money and Finance (Refs & Annos)
    Subtitle IV. Money
      Chapter 53. Monetary Transactions
        Subchapter II. Records and Reports on Monetary Instruments Transactions (Refs & Annos)
          ➡ ➡ § 5311. Declaration of purpose

It is the purpose of this subchapter (except section 5315) to require certain reports or records where they have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism.

CREDIT(S)

  (Pub.L. 97-258, Sept. 13, 1982, 96 Stat. 995; Pub.L. 107-56, Title III, § 358(a), Oct. 26, 2001, 115 Stat. 326.)

31 U.S.C.A. § 5311, 31 USCA § 5311

Current through P.L. 112-195 (excluding P.L. 112-140 and 112-141) approved 10-5-12

Westlaw. (C) 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

Westlaw.



**Effective:[See Notes]**

United States Code Annotated Currentness
  Title 31. Money and Finance (Refs & Annos)
    Subtitle IV. Money
      Chapter 53. Monetary Transactions
        Subchapter II. Records and Reports on Monetary Instruments Transactions (Refs & Annos)
          → → **§ 5312. Definitions and application**

**(a)** In this subchapter--

**(1)** "financial agency" means a person acting for a person (except for a country, a monetary or financial authority acting as a monetary or financial authority, or an international financial institution of which the United States Government is a member) as a financial institution, bailee, depository trustee, or agent, or acting in a similar way related to money, credit, securities, gold, or a transaction in money, credit, securities, or gold.

**(2)** "financial institution" means--

**(A)** an insured bank (as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. 1813(h)));

**(B)** a commercial bank or trust company;

**(C)** a private banker;

**(D)** an agency or branch of a foreign bank in the United States;

**(E)** any credit union;

**(F)** a thrift institution;

**(G)** a broker or dealer registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.);

**(H)** a broker or dealer in securities or commodities;

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(I)** an investment banker or investment company;

**(J)** a currency exchange;

**(K)** an issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar instruments;

**(L)** an operator of a credit card system;

**(M)** an insurance company;

**(N)** a dealer in precious metals, stones, or jewels;

**(O)** a pawnbroker;

**(P)** a loan or finance company;

**(Q)** a travel agency;

**(R)** a licensed sender of money or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;

**(S)** a telegraph company;

**(T)** a business engaged in vehicle sales, including automobile, airplane, and boat sales;

**(U)** persons involved in real estate closings and settlements;

**(V)** the United States Postal Service;

**(W)** an agency of the United States Government or of a State or local government carrying out a duty or power of a business described in this paragraph;

**(X)** a casino, gambling casino, or gaming establishment with an annual gaming revenue of more than $1,000,000 which--

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(i)** is licensed as a casino, gambling casino, or gaming establishment under the laws of any State or any political subdivision of any State; or

**(ii)** is an Indian gaming operation conducted under or pursuant to the Indian Gaming Regulatory Act other than an operation which is limited to class I gaming (as defined in section 4(6) of such Act);

**(Y)** any business or agency which engages in any activity which the Secretary of the Treasury determines, by regulation, to be an activity which is similar to, related to, or a substitute for any activity in which any business described in this paragraph is authorized to engage; or

**(Z)** any other business designated by the Secretary whose cash transactions have a high degree of usefulness in criminal, tax, or regulatory matters.

**(3)** "monetary instruments" means--

**(A)** United States coins and currency;

**(B)** as the Secretary may prescribe by regulation, coins and currency of a foreign country, travelers' checks, bearer negotiable instruments, bearer investment securities, bearer securities, stock on which title is passed on delivery, and similar material; and

**(C)** as the Secretary of the Treasury shall provide by regulation for purposes of sections 5316 and 5331, checks, drafts, notes, money orders, and other similar instruments which are drawn on or by a foreign financial institution and are not in bearer form.

**(4) Nonfinancial trade or business.**--The term "nonfinancial trade or business" means any trade or business other than a financial institution that is subject to the reporting requirements of section 5313 and regulations prescribed under such section.

**(5)** "person", in addition to its meaning under section 1 of title 1, includes a trustee, a representative of an estate and, when the Secretary prescribes, a governmental entity.

**(6)** "United States" means the States of the United States, the District of Columbia, and, when the Secretary prescribes by regulation, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, the Northern Mariana Islands, American Samoa, the Trust Territory of the Pacific Islands, a territory or possession of the United States, or a military or diplomatic establishment.

**(b)** In this subchapter--

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(1)** "domestic financial agency" and "domestic financial institution" apply to an action in the United States of a financial agency or institution.

**(2)** "foreign financial agency" and "foreign financial institution" apply to an action outside the United States of a financial agency or institution.

**(c) Additional definitions.**--For purposes of this subchapter, the following definitions shall apply:

**(1) [FN1] Certain institutions included in definition.**--The term "financial institution" (as defined in subsection (a)) includes the following:

**(A) [FN2]** Any futures commission merchant, commodity trading advisor, or commodity pool operator registered, or required to register, under the Commodity Exchange Act [7 U.S.C.A. § 1 et seq.].

CREDIT(S)

(Pub.L. 97-258, Sept. 13, 1982, 96 Stat. 995; Pub.L. 99-570, Title I, § 1362, Oct. 27, 1986, 100 Stat. 3207-33; Pub.L. 100-690, Title VI, § 6185(a), (g)(1), Nov. 18, 1988, 102 Stat. 4354, 4357; Pub.L. 103-325, Title IV, §§ 405, 409, Sept. 23, 1994, 108 Stat. 2247, 2252; Pub.L. 107-56, Title III, §§ 321(a), (b), 359(a), 365(c)(1), (2)(A), Oct. 26, 2001, 115 Stat. 315, 328, 335; Pub.L. 108-458, Title VI, §§ 6202(g), 6203(b), Dec. 17, 2004, 118 Stat. 3746.)

[FN1] So in original. No par. (2) has been enacted.

[FN2] So in original. No subpar. (B) has been enacted.

31 U.S.C.A. § 5312, 31 USCA § 5312

Current through P.L. 112-195 (excluding P.L. 112-140 and 112-141) approved 10-5-12

Westlaw. (C) 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

C

**Effective:[See Text Amendments]**

United States Code Annotated Currentness
  Title 31. Money and Finance (Refs & Annos)
    Subtitle IV. Money
      Chapter 53. Monetary Transactions
        Subchapter II. Records and Reports on Monetary Instruments Transactions (Refs & Annos)
          **§ 5313. Reports on domestic coins and currency transactions**

**(a)** When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States coins or currency (or other monetary instruments the Secretary of the Treasury prescribes), in an amount, denomination, or amount and denomination, or under circumstances the Secretary prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes. A participant acting for another person shall make the report as the agent or bailee of the person and identify the person for whom the transaction is being made.

**(b)** The Secretary may designate a domestic financial institution as an agent of the United States Government to receive a report under this section. However, the Secretary may designate a domestic financial institution that is not insured, chartered, examined, or registered as a domestic financial institution only if the institution consents. The Secretary may suspend or revoke a designation for a violation of this subchapter or a regulation under this subchapter (except a violation of section 5315 of this title or a regulation prescribed under section 5315), section 411 of the National Housing Act (12 U.S.C. 1730d), or section 21 of the Federal Deposit Insurance Act (12 U.S.C. 1829b).

**(c)(1)** A person (except a domestic financial institution designated under subsection (b) of this section) required to file a report under this section shall file the report--

**(A)** with the institution involved in the transaction if the institution was designated;

**(B)** in the way the Secretary prescribes when the institution was not designated; or

**(C)** with the Secretary.

**(2)** The Secretary shall prescribe--

**(A)** the filing procedure for a domestic financial institution designated under subsection (b) of this section;

and

**(B)** the way the institution shall submit reports filed with it.

**(d) Mandatory exemptions from reporting requirements.--**

**(1) In general.**--The Secretary of the Treasury shall exempt, pursuant to section 5318(a)(6), a depository institution from the reporting requirements of subsection (a) with respect to transactions between the depository institution and the following categories of entities:

  **(A)** Another depository institution.

  **(B)** A department or agency of the United States, any State, or any political subdivision of any State.

  **(C)** Any entity established under the laws of the United States, any State, or any political subdivision of any State, or under an interstate compact between 2 or more States, which exercises governmental authority on behalf of the United States or any such State or political subdivision.

  **(D)** Any business or category of business the reports on which have little or no value for law enforcement purposes.

**(2) Notice of exemption.**--The Secretary of the Treasury shall publish in the Federal Register at such times as the Secretary determines to be appropriate (but not less frequently than once each year) a list of all the entities whose transactions with a depository institution are exempt under this subsection from the reporting requirements of subsection (a).

**(e) Discretionary exemptions from reporting requirements.--**

**(1) In general.**--The Secretary of the Treasury may exempt, pursuant to section 5318(a)(6), a depository institution from the reporting requirements of subsection (a) with respect to transactions between the depository institution and a qualified business customer of the institution on the basis of information submitted to the Secretary by the institution in accordance with procedures which the Secretary shall establish.

**(2) Qualified business customer defined.**--For purposes of this subsection, the term "qualified business customer" means a business which--

  **(A)** maintains a transaction account (as defined in section 19(b)(1)(C) of the Federal Reserve Act) at the depository institution;

  **(B)** frequently engages in transactions with the depository institution which are subject to the reporting re-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

quirements of subsection (a); and

(C) meets criteria which the Secretary determines are sufficient to ensure that the purposes of this subchapter are carried out without requiring a report with respect to such transactions.

(3) **Criteria for exemption.**--The Secretary of the Treasury shall establish, by regulation, the criteria for granting and maintaining an exemption under paragraph (1).

(4) **Guidelines.--**

(A) **In general.**--The Secretary of the Treasury shall establish guidelines for depository institutions to follow in selecting customers for an exemption under this subsection.

(B) **Contents.**--The guidelines may include a description of the types of businesses or an itemization of specific businesses for which no exemption will be granted under this subsection to any depository institution.

(5) **Annual review.**--The Secretary of the Treasury shall prescribe regulations requiring each depository institution to--

(A) review, at least once each year, the qualified business customers of such institution with respect to whom an exemption has been granted under this subsection; and

(B) upon the completion of such review, resubmit information about such customers, with such modifications as the institution determines to be appropriate, to the Secretary for the Secretary's approval.

(6) **2-Year phase-in provision.**--During the 2-year period beginning on the date of enactment of the Money Laundering Suppression Act of 1994, this subsection shall be applied by the Secretary on the basis of such criteria as the Secretary determines to be appropriate to achieve an orderly implementation of the requirements of this subsection.

(f) **Provisions applicable to mandatory and discretionary exemptions.--**

(1) **Limitation on liability of depository institutions.**--No depository institution shall be subject to any penalty which may be imposed under this subchapter for the failure of the institution to file a report with respect to a transaction with a customer for whom an exemption has been granted under subsection (d) or (e) unless the institution--

(A) knowingly files false or incomplete information to the Secretary with respect to the transaction or the customer engaging in the transaction; or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(B)** has reason to believe at the time the exemption is granted or the transaction is entered into that the customer or the transaction does not meet the criteria established for granting such exemption.

**(2) Coordination with other provisions.**--Any exemption granted by the Secretary of the Treasury under section 5318(a) in accordance with this section, and any transaction which is subject to such exemption, shall be subject to any other provision of law applicable to such exemption, including--

**(A)** the authority of the Secretary, under section 5318(a)(6), to revoke such exemption at any time; and

**(B)** any requirement to report, or any authority to require a report on, any possible violation of any law or regulation or any suspected criminal activity.

**(g) Depository institution defined.**--For purposes of this section, the term "depository institution"--

**(1)** has the meaning given to such term in section 19(b)(1)(A) of the Federal Reserve Act; and

**(2)** includes--

**(A)** any branch, agency, or commercial lending company (as such terms are defined in section 1(b) of the International Banking Act of 1978);

**(B)** any corporation chartered under section 25A of the Federal Reserve Act; and

**(C)** any corporation having an agreement or undertaking with the Board of Governors of the Federal Reserve System under section 25 of the Federal Reserve Act.

CREDIT(S)

(Pub.L. 97-258, Sept. 13, 1982, 96 Stat. 996; Pub.L. 103-325, Title IV, § 402(a), Sept. 23, 1994, 108 Stat. 2243.)

31 U.S.C.A. § 5313, 31 USCA § 5313

Current through P.L. 112-195 (excluding P.L. 112-140 and 112-141) approved 10-5-12

Westlaw. (C) 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT



**Effective:[See Text Amendments]**

United States Code Annotated Currentness
   Title 31. Money and Finance (Refs & Annos)
     Subtitle IV. Money
       Chapter 53. Monetary Transactions
         Subchapter II. Records and Reports on Monetary Instruments Transactions (Refs & Annos)
           **§ 5314. Records and reports on foreign financial agency transactions**

**(a)** Considering the need to avoid impeding or controlling the export or import of monetary instruments and the need to avoid burdening unreasonably a person making a transaction with a foreign financial agency, the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency. The records and reports shall contain the following information in the way and to the extent the Secretary prescribes:

**(1)** the identity and address of participants in a transaction or relationship.

**(2)** the legal capacity in which a participant is acting.

**(3)** the identity of real parties in interest.

**(4)** a description of the transaction.

**(b)** The Secretary may prescribe--

**(1)** a reasonable classification of persons subject to or exempt from a requirement under this section or a regulation under this section;

**(2)** a foreign country to which a requirement or a regulation under this section applies if the Secretary decides applying the requirement or regulation to all foreign countries is unnecessary or undesirable;

**(3)** the magnitude of transactions subject to a requirement or a regulation under this section;

**(4)** the kind of transaction subject to or exempt from a requirement or a regulation under this section; and

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(5)** other matters the Secretary considers necessary to carry out this section or a regulation under this section.

**(c)** A person shall be required to disclose a record required to be kept under this section or under a regulation under this section only as required by law.

CREDIT(S)

   (Pub.L. 97-258, Sept. 13, 1982, 96 Stat. 997.)

31 U.S.C.A. § 5314, 31 USCA § 5314

Current through P.L. 112-195 (excluding P.L. 112-140 and 112-141) approved 10-5-12

Westlaw. (C) 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

Westlaw.

**C**

**Effective:[See Text Amendments]**

United States Code Annotated Currentness
    Title 31. Money and Finance (Refs & Annos)
      Subtitle IV. Money
        Chapter 53. Monetary Transactions
          Subchapter II. Records and Reports on Monetary Instruments Transactions (Refs & Annos)
            ➡➡ **§ 5320. Injunctions**

When the Secretary of the Treasury believes a person has violated, is violating, or will violate this subchapter or a regulation prescribed or order issued under this subchapter, the Secretary may bring a civil action in the appropriate district court of the United States or appropriate United States court of a territory or possession of the United States to enjoin the violation or to enforce compliance with the subchapter, regulation, or order. An injunction or temporary restraining order shall be issued without bond.

CREDIT(S)

    (Pub.L. 97-258, Sept. 13, 1982, 96 Stat. 999.)

31 U.S.C.A. § 5320, 31 USCA § 5320

Current through P.L. 112-195 (excluding P.L. 112-140 and 112-141) approved 10-5-12

Westlaw. (C) 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT



**Effective: October 23, 2004**

United States Code Annotated Currentness
   Title 31. Money and Finance (Refs & Annos)
      Subtitle IV. Money
         Chapter 53. Monetary Transactions
            Subchapter II. Records and Reports on Monetary Instruments Transactions (Refs & Annos)
               ➞ ➞ **§ 5321. Civil penalties**

**(a)(1)** A domestic financial institution or nonfinancial trade or business, and a partner, director, officer, or employee of a domestic financial institution or nonfinancial trade or business, willfully violating this subchapter or a regulation prescribed or order issued under this subchapter (except sections 5314 and 5315 of this title or a regulation prescribed under sections 5314 and 5315), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, is liable to the United States Government for a civil penalty of not more than the greater of the amount (not to exceed $100,000) involved in the transaction (if any) or $25,000. For a violation of section 5318(a)(2) of this title or a regulation prescribed under section 5318(a)(2), a separate violation occurs for each day the violation continues and at each office, branch, or place of business at which a violation occurs or continues.

**(2)** The Secretary of the Treasury may impose an additional civil penalty on a person not filing a report, or filing a report containing a material omission or misstatement, under section 5316 of this title or a regulation prescribed under section 5316. A civil penalty under this paragraph may not be more than the amount of the monetary instrument for which the report was required. A civil penalty under this paragraph is reduced by an amount forfeited under section 5317(b) of this title.

**(3)** A person not filing a report under a regulation prescribed under section 5315 of this title or not complying with an injunction under section 5320 of this title enjoining a violation of, or enforcing compliance with, section 5315 or a regulation prescribed under section 5315, is liable to the Government for a civil penalty of not more than $10,000.

**(4) Structured transaction violation.--**

**(A) Penalty authorized.**--The Secretary of the Treasury may impose a civil money penalty on any person who violates any provision of section 5324.

**(B) Maximum amount limitation.**--The amount of any civil money penalty imposed under subparagraph (A) shall not exceed the amount of the coins and currency (or such other monetary instruments as the Secretary may prescribe) involved in the transaction with respect to which such penalty is imposed.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(C) Coordination with forfeiture provision.**--The amount of any civil money penalty imposed by the Secretary under subparagraph (A) shall be reduced by the amount of any forfeiture to the United States in connection with the transaction with respect to which such penalty is imposed.

**(5) Foreign financial agency transaction violation.**--

**(A) Penalty authorized.**--The Secretary of the Treasury may impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314.

**(B) Amount of penalty.**--

  **(i) In general.**--Except as provided in subparagraph (C), the amount of any civil penalty imposed under subparagraph (A) shall not exceed $10,000.

  **(ii) Reasonable cause exception.**--No penalty shall be imposed under subparagraph (A) with respect to any violation if--

    **(I)** such violation was due to reasonable cause, and

    **(II)** the amount of the transaction or the balance in the account at the time of the transaction was properly reported.

**(C) Willful violations.**--In the case of any person willfully violating, or willfully causing any violation of, any provision of section 5314--

  **(i)** the maximum penalty under subparagraph (B)(i) shall be increased to the greater of--

    **(I)** $100,000, or

    **(II)** 50 percent of the amount determined under subparagraph (D), and

  **(ii)** subparagraph (B)(ii) shall not apply.

**(D) Amount.**--The amount determined under this subparagraph is--

  **(i)** in the case of a violation involving a transaction, the amount of the transaction, or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(ii)** in the case of a violation involving a failure to report the existence of an account or any identifying information required to be provided with respect to an account, the balance in the account at the time of the violation.

**(6) Negligence.--**

**(A) In general.**--The Secretary of the Treasury may impose a civil money penalty of not more than $500 on any financial institution or nonfinancial trade or business which negligently violates any provision of this subchapter or any regulation prescribed under this subchapter.

**(B) Pattern of negligent activity.**--If any financial institution or nonfinancial trade or business engages in a pattern of negligent violations of any provision of this subchapter or any regulation prescribed under this subchapter, the Secretary of the Treasury may, in addition to any penalty imposed under subparagraph (A) with respect to any such violation, impose a civil money penalty of not more than $50,000 on the financial institution or nonfinancial trade or business.

**(7) Penalties for international counter money laundering violations.**--The Secretary may impose a civil money penalty in an amount equal to not less than 2 times the amount of the transaction, but not more than $1,000,000, on any financial institution or agency that violates any provision of subsection (i) or (j) of section 5318 or any special measures imposed under section 5318A.

**(b) Time limitations for assessments and commencement of civil actions.--**

**(1) Assessments.**--The Secretary of the Treasury may assess a civil penalty under subsection (a) at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed.

**(2) Civil actions.**--The Secretary may commence a civil action to recover a civil penalty assessed under subsection (a) at any time before the end of the 2-year period beginning on the later of--

**(A)** the date the penalty was assessed; or

**(B)** the date any judgment becomes final in any criminal action under section 5322 in connection with the same transaction with respect to which the penalty is assessed.

**(c)** The Secretary may remit any part of a forfeiture under subsection (c) or (d) [FN1] of section 5317 of this title or civil penalty under subsection (a)(2) of this section.

**(d) Criminal penalty not exclusive of civil penalty.**--A civil money penalty may be imposed under subsection (a) with respect to any violation of this subchapter notwithstanding the fact that a criminal penalty is imposed with respect to the same violation.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(e) Delegation of assessment authority to banking agencies.--**

**(1) In general.**--The Secretary of the Treasury shall delegate, in accordance with section 5318(a)(1) and subject to such terms and conditions as the Secretary may impose in accordance with paragraph (3), any authority of the Secretary to assess a civil money penalty under this section on depository institutions (as defined in section 3 of the Federal Deposit Insurance Act) to the appropriate Federal banking agencies (as defined in such section 3).

**(2) Authority of agencies.**--Subject to any term or condition imposed by the Secretary of the Treasury under paragraph (3), the provisions of this section shall apply to an appropriate Federal banking agency to which is delegated any authority of the Secretary under this section in the same manner such provisions apply to the Secretary.

**(3) Terms and conditions.--**

**(A) In general.**--The Secretary of the Treasury shall prescribe by regulation the terms and conditions which shall apply to any delegation under paragraph (1).

**(B) Maximum dollar amount.**--The terms and conditions authorized under subparagraph (A) may include, in the Secretary's sole discretion, a limitation on the amount of any civil penalty which may be assessed by an appropriate Federal banking agency pursuant to a delegation under paragraph (1).

CREDIT(S)

(Pub.L. 97-258, Sept. 13, 1982, 96 Stat. 999; Pub.L. 98-473, Title II, § 901(a), Oct. 12, 1984, 98 Stat. 2135; Pub.L. 99-570, Title I, §§ 1356(c)(1), 1357(a)-(f), (h), Oct. 27, 1986, 100 Stat. 3207-24, 3207-25, 3207-26; Pub.L. 100-690, Title VI, § 6185(g)(2), Nov. 18, 1988, 102 Stat. 4357; Pub.L. 102-550, Title XV, §§ 1511(b), 1525(b), 1535(a)(2), 1561(a), Oct. 28, 1992, 106 Stat. 4057, 4065, 4066, 4071; Pub.L. 103-322, Title XXXIII, § 330017(a)(1), Sept. 13, 1994, 108 Stat. 2149; Pub.L. 103-325, Title IV, §§ 406, 411(b), 413(a)(1), Sept. 23, 1994, 108 Stat. 2247, 2253, 2254; Pub.L. 104-208, Div. A, Title II, § 2223(3), Sept. 30, 1996, 110 Stat. 3009-415; Pub.L. 107-56, Title III, §§ 353(a), 363(a), 365(c)(2)(B)(i), Oct. 26, 2001, 115 Stat. 322, 332, 335; Pub.L. 108-357, Title VIII, § 821(a), Oct. 22, 2004, 118 Stat. 1586.)

[FN1] So in original. Section 5317 does not contain a subsec. (d).

31 U.S.C.A. § 5321, 31 USCA § 5321

Current through P.L. 112-195 (excluding P.L. 112-140 and 112-141) approved 10-5-12

Westlaw. (C) 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT



**Effective: October 26, 2001**

United States Code Annotated Currentness
  Title 31. Money and Finance (Refs & Annos)
    Subtitle IV. Money
      Chapter 53. Monetary Transactions
        Subchapter II. Records and Reports on Monetary Instruments Transactions (Refs & Annos)
        → → **§ 5322. Criminal penalties**

**(a)** A person willfully violating this subchapter or a regulation prescribed or order issued under this subchapter (except section 5315 or 5324 of this title or a regulation prescribed under section 5315 or 5324), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, shall be fined not more than $250,000, or imprisoned for not more than five years, or both.

**(b)** A person willfully violating this subchapter or a regulation prescribed or order issued under this subchapter (except section 5315 or 5324 of this title or a regulation prescribed under section 5315 or 5324), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period, shall be fined not more than $500,000, imprisoned for not more than 10 years, or both.

**(c)** For a violation of section 5318(a)(2) of this title or a regulation prescribed under section 5318(a)(2), a separate violation occurs for each day the violation continues and at each office, branch, or place of business at which a violation occurs or continues.

**(d)** A financial institution or agency that violates any provision of subsection (i) or (j) of section 5318, or any special measures imposed under section 5318A, or any regulation prescribed under subsection (i) or (j) of section 5318 or section 5318A, shall be fined in an amount equal to not less than 2 times the amount of the transaction, but not more than $1, 000,000.

CREDIT(S)

(Pub.L. 97-258, Sept. 13, 1982, 96 Stat. 1000; Pub.L. 98-473, Title II, § 901(b), Oct. 12, 1984, 98 Stat. 2135; Pub.L. 99-570, Title I, §§ 1356(c)(1), 1357(g), Oct. 27, 1986, 100 Stat. 3207-24, 3207-26; Pub.L. 102-550, Title XV, § 1504(d)(2), Oct. 28, 1992, 106 Stat. 4055; Pub.L. 103-325, Title IV, § 411(c)(1), Sept. 23, 1994, 108 Stat. 2253; Pub.L. 107-56, Title III, §§ 353(b), 363(b), Oct. 26, 2001, 115 Stat. 323, 332.)

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

31 U.S.C.A. § 5322, 31 USCA § 5322

Current through P.L. 112-195 (excluding P.L. 112-140 and 112-141) approved 10-5-12

Westlaw. (C) 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.



**CODE OF FEDERAL REGULATIONS**

# Title 31

Money and Finance:Treasury

Parts 500 to End

Revised as of July 1, 2012

Containing a codification of documents
of general applicability and future effect

As of July 1, 2012

Published by the Office of the Federal Register
National Archives and Records Administration
as a Special Edition of the Federal Register

## PARTS 1000–1009 [RESERVED]

## PART 1010—GENERAL PROVISIONS

### Subpart A—General Definitions

Sec.
1010.100  General definitions.

### Subpart B—Programs

1010.200  General.
1010.205  Exempted anti-money laundering programs for certain financial institutions.
1010.210  Anti-money laundering programs.
1010.220  Customer identification program requirements.

### Subpart C—Reports Required To Be Made

1010.300  General.
1010.301  Determination by the Secretary.
1010.305  [Reserved]
1010.306  Filing of reports.
1010.310  Reports of transactions in currency.
1010.311  Filing obligations for reports of transactions in currency.
1010.312  Identification required.
1010.313  Aggregation.
1010.314  Structured transactions.
1010.315  Exemptions for non-bank financial institutions.
1010.320  Reports of suspicious transactions.
1010.330  Reports relating to currency in excess of $10,000 received in a trade or business.
1010.331  Reports relating to currency in excess of $10,000 received as bail by court clerks.
1010.340  Reports of transportation of currency or monetary instruments.
1010.350  Reports of foreign financial accounts.
1010.360  Reports of transactions with foreign financial agencies.
1010.370  Reports of certain domestic coin and currency transactions.

### Subpart D—Records Required To Be Maintained

1010.400  General.
1010.401  Determination by the Secretary.
1010.405  [Reserved]
1010.410  Records to be made and retained by financial institutions.
1010.415  Purchases of bank checks and drafts, cashier's checks, money orders and traveler's checks.
1010.420  Records to be made and retained by persons having financial interests in foreign financial accounts.
1010.430  Nature of records and retention period.

1010.440  Person outside the United States.

### Subpart E—Special Information Sharing Procedures To Deter Money Laundering and Terrorist Activity

1010.500  General.
1010.505  Definitions.
1010.520  Information sharing between government agencies and financial institutions.
1010.530  [Reserved]
1010.540  Voluntary information sharing among financial institutions.

### Subpart F—Special Standards of Diligence; Prohibitions; and Special Measures

1010.600  General.

SPECIAL DUE DILIGENCE FOR CORRESPONDENT ACCOUNTS AND PRIVATE BANKING ACCOUNTS

1010.605  Definitions.
1010.610  Due diligence programs for correspondent accounts for foreign financial institutions.
1010.620  Due diligence programs for private banking accounts.
1010.630  Prohibition on correspondent accounts for foreign shell banks; records concerning owners of foreign banks and agents for service of legal process.
1010.640  [Reserved]

SPECIAL MEASURES UNDER SECTION 311 OF THE USA PATRIOT ACT AND LAW ENFORCEMENT ACCESS TO FOREIGN BANK RECORDS

1010.651  Special measures against Burma.
1010.652  Special measures against Myanmar Mayflower Bank and Asia Wealth Bank.
1010.653  Special measures against Commercial Bank of Syria.
1010.655  Special measures against Banco Delta Asia.
1010.670  Summons or subpoena of foreign bank records; termination of correspondent relationship.

### Subpart G—Administrative Rulings

1010.710  Scope.
1010.711  Submitting requests.
1010.712  Nonconforming requests.
1010.713  Oral communications.
1010.714  Withdrawing requests.
1010.715  Issuing rulings.
1010.716  Modifying or rescinding rulings.
1010.717  Disclosing information.

### Subpart H—Enforcement; Penalties; and Forfeiture

1010.810  Enforcement.
1010.820  Civil penalty.
1010.830  Forfeiture of currency or monetary instruments.
1010.840  Criminal penalty.

1010.850 Enforcement authority with respect to transportation of currency or monetary instruments.

#### Subpart I—Summons

1010.911 General.
1010.912 Persons who may issue summons.
1010.913 Contents of summons.
1010.914 Service of summons.
1010.915 Examination of witnesses and records.
1010.916 Enforcement of summons.
1010.917 Payment of expenses.

#### Subpart J—Miscellaneous

1010.920 Access to records.
1010.930 Rewards for informants.
1010.940 Photographic or other reproductions of Government obligations.
1010.950 Availability of information.
1010.960 Disclosure.
1010.970 Exceptions, exemptions, and reports.
1010.980 Dollars as including foreign currency.

AUTHORITY: 12 U.S.C. 1829b and 1951–1959; 31 U.S.C. 5311–5314, 5316–5332; title III, sec. 314, Pub. L. 107–56, 115 Stat. 307.

SOURCE: 75 FR 65812, Oct. 26, 2010, unless otherwise noted.

## Subpart A—General Definitions

### § 1010.100  General definitions.

When used in this chapter and in forms prescribed under this chapter, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, terms shall have the meanings ascribed in this subpart. Terms applicable to a particular type of financial institution or specific part or subpart of this chapter are located in that part or subpart. Terms may have different meanings in different parts or subparts.

(a) *Accept.* A receiving financial institution, other than the recipient's financial institution, accepts a transmittal order by executing the transmittal order. A recipient's financial institution accepts a transmittal order by paying the recipient, by notifying the recipient of the receipt of the order or by otherwise becoming obligated to carry out the order.

(b) *At one time.* For purposes of §1010.340 of this part, a person who transports, mails, ships or receives; is about to or attempts to transport, mail or ship; or causes the transportation, mailing, shipment or receipt of monetary instruments, is deemed to do so ''at one time'' if:

(1) That person either alone, in conjunction with or on behalf of others;

(2) Transports, mails, ships or receives in any manner; is about to transport, mail or ship in any manner; or causes the transportation, mailing, shipment or receipt in any manner of;

(3) Monetary instruments;

(4) Into the United States or out of the United States;

(5) Totaling more than $10,000;

(6)(i) On one calendar day; or

(ii) If for the purpose of evading the reporting requirements of §1010.340, on one or more days.

(c) *Attorney General.* The Attorney General of the United States.

(d) *Bank.* Each agent, agency, branch or office within the United States of any person doing business in one or more of the capacities listed below:

(1) A commercial bank or trust company organized under the laws of any State or of the United States;

(2) A private bank;

(3) A savings and loan association or a building and loan association organized under the laws of any State or of the United States;

(4) An insured institution as defined in section 401 of the National Housing Act;

(5) A savings bank, industrial bank or other thrift institution;

(6) A credit union organized under the law of any State or of the United States;

(7) Any other organization (except a money services business) chartered under the banking laws of any state and subject to the supervision of the bank supervisory authorities of a State;

(8) A bank organized under foreign law;

(9) Any national banking association or corporation acting under the provisions of section 25(a) of the Act of Dec. 23, 1913, as added by the Act of Dec. 24, 1919, ch. 18, 41 Stat. 378, as amended (12 U.S.C. 611–32).

(e) *Bank Secrecy Act.* The Currency and Foreign Transactions Reporting Act, its amendments, and the other statutes relating to the subject matter

**Financial Crimes Enforcement Network, Treasury**     **§ 1010.100**

of that Act, have come to be referred to as the Bank Secrecy Act. These statutes are codified at 12 U.S.C. 1829b, 12 U.S.C. 1951–1959, 18 U.S.C. 1956, 18 U.S.C. 1957, 18 U.S.C. 1960, and 31 U.S.C. 5311–5314 and 5316–5332 and notes thereto.

(f) *Beneficiary.* The person to be paid by the beneficiary's bank.

(g) *Beneficiary's bank.* The bank or foreign bank identified in a payment order in which an account of the beneficiary is to be credited pursuant to the order or which otherwise is to make payment to the beneficiary if the order does not provide for payment to an account.

(h) *Broker or dealer in securities.* A broker or dealer in securities, registered or required to be registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934, except persons who register pursuant to section 15(b)(11) of the Securities Exchange Act of 1934.

(i) *Business day.* As used in this chapter with respect to banks, business day means that day, as normally communicated to its depository customers, on which a bank routinely posts a particular transaction to its customer's account.

(j) *Commodity.* Any good, article, service, right, or interest described in section 1a(4) of the Commodity Exchange Act ("CEA"), 7 U.S.C. 1a(4).

(k) *Common carrier.* Any person engaged in the business of transporting individuals or goods for a fee who holds himself out as ready to engage in such transportation for hire and who undertakes to do so indiscriminately for all persons who are prepared to pay the fee for the particular service offered.

(l) *Contract of sale.* Any sale, agreement of sale, or agreement to sell as described in section 1a(7) of the CEA, 7 U.S.C. 1a(7).

(m) *Currency.* The coin and paper money of the United States or of any other country that is designated as legal tender and that circulates and is customarily used and accepted as a medium of exchange in the country of issuance. Currency includes U.S. silver certificates, U.S. notes and Federal Reserve notes. Currency also includes official foreign bank notes that are cus-

tomarily used and accepted as a medium of exchange in a foreign country.

(n) *Deposit account.* Deposit accounts include transaction accounts described in paragraph (ccc) of this section, savings accounts, and other time deposits.

(o) *Domestic.* When used herein, refers to the doing of business within the United States, and limits the applicability of the provision where it appears to the performance by such institutions or agencies of functions within the United States.

(p) *Established customer.* A person with an account with the financial institution, including a loan account or deposit or other asset account, or a person with respect to which the financial institution has obtained and maintains on file the person's name and address, as well as taxpayer identification number (*e.g.,* social security or employer identification number) or, if none, alien identification number or passport number and country of issuance, and to which the financial institution provides financial services relying on that information.

(q) *Execution date.* The day on which the receiving financial institution may properly issue a transmittal order in execution of the sender's order. The execution date may be determined by instruction of the sender but cannot be earlier than the day the order is received, and, unless otherwise determined, is the day the order is received. If the sender's instruction states a payment date, the execution date is the payment date or an earlier date on which execution is reasonably necessary to allow payment to the recipient on the payment date.

(r) *Federal functional regulator.*

(1) The Board of Governors of the Federal Reserve System;

(2) The Office of the Comptroller of the Currency;

(3) The Board of Directors of the Federal Deposit Insurance Corporation;

(4) The Office of Thrift Supervision;

(5) The National Credit Union Administration;

(6) The Securities and Exchange Commission; or

(7) The Commodity Futures Trading Commission.

(s) *FinCEN.* FinCEN means the Financial Crimes Enforcement Network,

607

a bureau of the Department of the Treasury.

(t) *Financial institution.* Each agent, agency, branch, or office within the United States of any person doing business, whether or not on a regular basis or as an organized business concern, in one or more of the capacities listed below:

(1) A bank (except bank credit card systems);

(2) A broker or dealer in securities;

(3) A money services business as defined in paragraph (ff) of this section;

(4) A telegraph company;

(5)(i) *Casino.* A casino or gambling casino that: Is duly licensed or authorized to do business as such in the United States, whether under the laws of a State or of a Territory or Insular Possession of the United States, or under the Indian Gaming Regulatory Act or other Federal, State, or tribal law or arrangement affecting Indian lands (including, without limitation, a casino operating on the assumption or under the view that no such authorization is required for casino operation on Indian lands); and has gross annual gaming revenue in excess of $1 million. The term includes the principal headquarters and every domestic branch or place of business of the casino.

(ii) For purposes of this paragraph (t)(5), "gross annual gaming revenue" means the gross gaming revenue received by a casino, during either the previous business year or the current business year of the casino. A casino or gambling casino which is a casino for purposes of this chapter solely because its gross annual gaming revenue exceeds $1,000,000 during its current business year, shall not be considered a casino for purposes of this chapter prior to the time in its current business year that its gross annual gaming revenue exceeds $1,000,000.

(iii) Any reference in this chapter, other than in this paragraph (t)(5) and in paragraph (t)(6) of this section, to a casino shall also include a reference to a card club, unless the provision in question contains specific language varying its application to card clubs or excluding card clubs from its application;

(6)(i) *Card club.* A card club, gaming club, card room, gaming room, or similar gaming establishment that is duly licensed or authorized to do business as such in the United States, whether under the laws of a State, of a Territory or Insular Possession of the United States, or of a political subdivision of any of the foregoing, or under the Indian Gaming Regulatory Act or other Federal, State, or tribal law or arrangement affecting Indian lands (including, without limitation, an establishment operating on the assumption or under the view that no such authorization is required for operation on Indian lands for an establishment of such type), and that has gross annual gaming revenue in excess of $1,000,000. The term includes the principal headquarters and every domestic branch or place of business of the establishment. The term "casino," as used in this chapter shall include a reference to "card club" to the extent provided in paragraph (t)(5)(iii) of this section.

(ii) For purposes of this paragraph (t)(6), "gross annual gaming revenue" means the gross revenue derived from or generated by customer gaming activity (whether in the form of per-game or per-table fees, however computed, rentals, or otherwise) and received by an establishment, during either the establishment's previous business year or its current business year. A card club that is a financial institution for purposes of this chapter solely because its gross annual revenue exceeds $1,000,000 during its current business year, shall not be considered a financial institution for purposes of this chapter prior to the time in its current business year when its gross annual revenue exceeds $1,000,000;

(7) A person subject to supervision by any state or Federal bank supervisory authority;

(8) A futures commission merchant;

(9) An introducing broker in commodities; or

(10) A mutual fund.

(u) *Foreign bank.* A bank organized under foreign law, or an agency, branch or office located outside the United States of a bank. The term does not include an agent, agency, branch or office within the United States of a bank organized under foreign law.

(v) *Foreign financial agency.* A person acting outside the United States for a

person (except for a country, a monetary or financial authority acting as a monetary or financial authority, or an international financial institution of which the United States Government is a member) as a financial institution, bailee, depository trustee, or agent, or acting in a similar way related to money, credit, securities, gold, or a transaction in money, credit, securities, or gold.

(w) *Funds transfer.* The series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order. The term includes any payment order issued by the originator's bank or an intermediary bank intended to carry out the originator's payment order. A funds transfer is completed by acceptance by the beneficiary's bank of a payment order for the benefit of the beneficiary of the originator's payment order. Funds transfers governed by the Electronic Fund Transfer Act of 1978 (Title XX, Pub. L. 95–630, 92 Stat. 3728, 15 U.S.C. 1693, *et seq.*), as well as any other funds transfers that are made through an automated clearinghouse, an automated teller machine, or a point-of-sale system, are excluded from this definition.

(x) *Futures commission merchant.* Any person registered or required to be registered as a futures commission merchant with the Commodity Futures Trading Commission (''CFTC'') under the CEA, except persons who register pursuant to section 4f(a)(2) of the CEA, 7 U.S.C. 6f(a)(2).

(y) *Indian Gaming Regulatory Act.* The Indian Gaming Regulatory Act of 1988, codified at 25 U.S.C. 2701–2721 and 18 U.S.C. 1166–68.

(z) *Intermediary bank.* A receiving bank other than the originator's bank or the beneficiary's bank.

(aa) *Intermediary financial institution.* A receiving financial institution, other than the transmittor's financial institution or the recipient's financial institution. The term intermediary financial institution includes an intermediary bank.

(bb) *Introducing broker-commodities.* Any person registered or required to be registered as an introducing broker with the CFTC under the CEA, except

persons who register pursuant to section 4f(a)(2) of the CEA, 7 U.S.C. 6f(a)(2).

(cc) *Investment security.* An instrument which:

(1) Is issued in bearer or registered form;

(2) Is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment;

(3) Is either one of a class or series or by its terms is divisible into a class or series of instruments; and

(4) Evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer.

(dd) *Monetary instruments.* (1) Monetary instruments include:

(i) Currency;

(ii) Traveler's checks in any form;

(iii) All negotiable instruments (including personal checks, business checks, official bank checks, cashier's checks, third-party checks, promissory notes (as that term is defined in the Uniform Commercial Code), and money orders) that are either in bearer form, endorsed without restriction, made out to a fictitious payee (for the purposes of §1010.340), or otherwise in such form that title thereto passes upon delivery;

(iv) Incomplete instruments (including personal checks, business checks, official bank checks, cashier's checks, third-party checks, promissory notes (as that term is defined in the Uniform Commercial Code), and money orders) signed but with the payee's name omitted; and

(v) Securities or stock in bearer form or otherwise in such form that title thereto passes upon delivery.

(2) Monetary instruments do not include warehouse receipts or bills of lading.

(ee) [Reserved]

(ff) *Money services business.* A person wherever located doing business, whether or not on a regular basis or as an organized or licensed business concern, wholly or in substantial part within the United States, in one or more of the capacities listed in paragraphs (ff)(1) through (ff)(7) of this section. This includes but is not limited to maintenance of any agent, agency,

branch, or office within the United States.

(1) *Dealer in foreign exchange.* A person that accepts the currency, or other monetary instruments, funds, or other instruments denominated in the currency, of one or more countries in exchange for the currency, or other monetary instruments, funds, or other instruments denominated in the currency, of one or more other countries in an amount greater than $1,000 for any other person on any day in one or more transactions, whether or not for same-day delivery.

(2) *Check casher*—(i) *In general.* A person that accepts checks (as defined in the Uniform Commercial Code), or monetary instruments (as defined at § 1010.100(dd)(1)(ii), (iii), (iv), and (v)) in return for currency or a combination of currency and other monetary instruments or other instruments, in an amount greater than $1,000 for any person on any day in one or more transactions.

(ii) *Facts and circumstances; Limitations.* Whether a person is a check casher as described in this section is a matter of facts and circumstances. The term "check casher" shall not include:

(A) A person that sells prepaid access in exchange for a check (as defined in the Uniform Commercial Code), monetary instrument or other instrument;

(B) A person that solely accepts monetary instruments as payment for goods or services other than check cashing services;

(C) A person that engages in check cashing for the verified maker of the check who is a customer otherwise buying goods and services;

(D) A person that redeems its own checks; or

(E) A person that only holds a customer's check as collateral for repayment by the customer of a loan.

(3) *Issuer or seller of traveler's checks or money orders.* A person that

(i) Issues traveler's checks or money orders that are sold in an amount greater than $1,000 to any person on any day in one or more transactions; or

(ii) Sells traveler's checks or money orders in an amount greater than $1,000 to any person on any day in one or more transactions.

(4) *Provider of prepaid access*—(i) *In general.* A provider of prepaid access is the participant within a prepaid program that agrees to serve as the principal conduit for access to information from its fellow program participants. The participants in each prepaid access program must determine a single participant within the prepaid program to serve as the provider of prepaid access.

(ii) *Considerations for provider determination.* In the absence of registration as the provider of prepaid access for a prepaid program by one of the participants in a prepaid access program, the provider of prepaid access is the person with principal oversight and control over the prepaid program. Which person exercises "principal oversight and control" is a matter of facts and circumstances. Activities that indicate "principal oversight and control" include:

(A) Organizing the prepaid program;

(B) Setting the terms and conditions of the prepaid program and determining that the terms have not been exceeded;

(C) Determining the other businesses that will participate in the prepaid program, which may include the issuing bank, the payment processor, or the distributor;

(D) Controlling or directing the appropriate party to initiate, freeze, or terminate prepaid access; and

(E) Engaging in activity that demonstrates oversight and control of the prepaid program.

(iii) *Prepaid program.* A prepaid program is an arrangement under which one or more persons acting together provide(s) prepaid access. However, an arrangement is *not* a prepaid program if:

(A) It provides closed loop prepaid access to funds not to exceed $2,000 maximum value that can be associated with a prepaid access device or vehicle on any day;

(B) It provides prepaid access solely to funds provided by a Federal, State, local, Territory and Insular Possession, or Tribal government agency;

(C) It provides prepaid access solely to funds from pre-tax flexible spending arrangements for health care and dependent care expenses, or from Health

**Financial Crimes Enforcement Network, Treasury** § 1010.100

Reimbursement Arrangements (as defined in 26 U.S.C. 105(b) and 125) for health care expenses; or

(D) *(1)* It provides prepaid access solely to:

*(i)* Employment benefits, incentives, wages or salaries; or

*(ii)* Funds not to exceed $1,000 maximum value and from which no more than $1,000 maximum value can be initially or subsequently loaded, used, or withdrawn on any day through a device or vehicle; and

*(2)* It does not permit:

*(i)* Funds or value to be transmitted internationally;

*(ii)* Transfers between or among users of prepaid access within a prepaid program; or

*(iii)* Loading additional funds or the value of funds from non-depository sources.

(5) *Money transmitter*—(i) *In general.* (A) A person that provides money transmission services. The term "money transmission services" means the acceptance of currency, funds, or other value that substitutes for currency from one person *and* the transmission of currency, funds, or other value that substitutes for currency to another location or person by any means. "Any means" includes, but is not limited to, through a financial agency or institution; a Federal Reserve Bank or other facility of one or more Federal Reserve Banks, the Board of Governors of the Federal Reserve System, or both; an electronic funds transfer network; or an informal value transfer system; or

(B) Any other person engaged in the transfer of funds.

(ii) *Facts and circumstances; Limitations.* Whether a person is a money transmitter as described in this section is a matter of facts and circumstances. The term "money transmitter" shall not include a person that only:

(A) Provides the delivery, communication, or network access services used by a money transmitter to support money transmission services;

(B) Acts as a payment processor to facilitate the purchase of, or payment of a bill for, a good or service through a clearance and settlement system by agreement with the creditor or seller;

(C) Operates a clearance and settlement system or otherwise acts as an intermediary solely between BSA regulated institutions. This includes but is not limited to the Fedwire system, electronic funds transfer networks, certain registered clearing agencies regulated by the Securities and Exchange Commission ("SEC"), and derivatives clearing organizations, or other clearinghouse arrangements established by a financial agency or institution;

(D) Physically transports currency, other monetary instruments, other commercial paper, or other value that substitutes for currency as a person primarily engaged in such business, such as an armored car, from one person to the same person at another location or to an account belonging to the same person at a financial institution, provided that the person engaged in physical transportation has no more than a custodial interest in the currency, other monetary instruments, other commercial paper, or other value at any point during the transportation;

(E) Provides prepaid access; or

(F) Accepts and transmits funds only integral to the sale of goods or the provision of services, other than money transmission services, by the person who is accepting and transmitting the funds.

(6) *U.S. Postal Service.* The United States Postal Service, except with respect to the sale of postage or philatelic products.

(7) *Seller of prepaid access.* Any person that receives funds or the value of funds in exchange for an initial loading or subsequent loading of prepaid access if that person:

(i) Sells prepaid access offered under a prepaid program that can be used before verification of customer identification under § 1022.210(d)(1)(iv); or

(ii) Sells prepaid access (including closed loop prepaid access) to funds that exceed $10,000 to any person during any one day, and has not implemented policies and procedures reasonably adapted to prevent such a sale.

(8) *Limitation.* For the purposes of this section, the term "money services business" shall not include:

(i) A bank or foreign bank;

(ii) A person registered with, and functionally regulated or examined by,

611

the SEC or the CFTC, or a foreign financial agency that engages in financial activities that, if conducted in the United States, would require the foreign financial agency to be registered with the SEC or CFTC; or

(iii) A natural person who engages in an activity identified in paragraphs (ff)(1) through (ff)(5) of this section on an infrequent basis and not for gain or profit.

(gg) *Mutual fund.* An ''investment company'' (as the term is defined in section 3 of the Investment Company Act (15 U.S.C. 80a–3)) that is an ''open-end company'' (as that term is defined in section 5 of the Investment Company Act (15 U.S.C. 80a–5)) that is registered or is required to register with the Commission under section 8 of the Investment Company Act (15 U.S.C. 80a–8).

(hh) *Option on a commodity.* Any agreement, contract, or transaction described in section 1a(26) of the CEA, 7 U.S.C. 1a(26).

(ii) *Originator.* The sender of the first payment order in a funds transfer.

(jj) *Originator's bank.* The receiving bank to which the payment order of the originator is issued if the originator is not a bank or foreign bank, or the originator if the originator is a bank or foreign bank.

(kk) *Payment date.* The day on which the amount of the transmittal order is payable to the recipient by the recipient's financial institution. The payment date may be determined by instruction of the sender, but cannot be earlier than the day the order is received by the recipient's financial institution and, unless otherwise prescribed by instruction, is the date the order is received by the recipient's financial institution.

(ll) *Payment order.* An instruction of a sender to a receiving bank, transmitted orally, electronically, or in writing, to pay, or to cause another bank or foreign bank to pay, a fixed or determinable amount of money to a beneficiary if:

(1) The instruction does not state a condition to payment to the beneficiary other than time of payment;

(2) The receiving bank is to be reimbursed by debiting an account of, or otherwise receiving payment from, the sender; and

(3) The instruction is transmitted by the sender directly to the receiving bank or to an agent, funds transfer system, or communication system for transmittal to the receiving bank.

(mm) *Person.* An individual, a corporation, a partnership, a trust or estate, a joint stock company, an association, a syndicate, joint venture, or other unincorporated organization or group, an Indian Tribe (as that term is defined in the Indian Gaming Regulatory Act), and all entities cognizable as legal personalities.

(nn) *Receiving bank.* The bank or foreign bank to which the sender's instruction is addressed.

(oo) *Receiving financial institution.* The financial institution or foreign financial agency to which the sender's instruction is addressed. The term receiving financial institution includes a receiving bank.

(pp) *Recipient.* The person to be paid by the recipient's financial institution. The term recipient includes a beneficiary, except where the recipient's financial institution is a financial institution other than a bank.

(qq) *Recipient's financial institution.* The financial institution or foreign financial agency identified in a transmittal order in which an account of the recipient is to be credited pursuant to the transmittal order or which otherwise is to make payment to the recipient if the order does not provide for payment to an account. The term recipient's financial institution includes a beneficiary's bank, except where the beneficiary is a recipient's financial institution.

(rr) *Secretary.* The Secretary of the Treasury or any person duly authorized by the Secretary to perform the function mentioned.

(ss) *Security.* Security means any instrument or interest described in section 3(a)(10) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(10).

(tt) *Self-regulatory organization:*

(1) Shall have the same meaning as provided in section 3(a)(26) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(26)); and

(2) Means a ''registered entity'' or a ''registered futures association'' as provided in section 1a(29) or 17, respectively, of the Commodity Exchange Act (7 U.S.C. 1a(29), 21).

(uu) *Sender*. The person giving the instruction to the receiving financial institution.

(vv) *State*. The States of the United States and, wherever necessary to carry out the provisions of this chapter, the District of Columbia.

(ww) *Prepaid access*. Access to funds or the value of funds that have been paid in advance and can be retrieved or transferred at some point in the future through an electronic device or vehicle, such as a card, code, electronic serial number, mobile identification number, or personal identification number.

(xx) *Structure (structuring)*. For purposes of § 1010.314, a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under §§ 1010.311, 1010.313, 1020.315, 1021.311 and 1021.313 of this chapter. ''In any manner'' includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition.

(yy) *Taxpayer Identification Number*. Taxpayer Identification Number (''TIN'') is defined by section 6109 of the Internal Revenue Code of 1986 (26 U.S.C. 6109) and the Internal Revenue Service regulations implementing that section (*e.g.*, social security number or employer identification number).

(zz) *Territories and Insular Possessions*. The Commonwealth of Puerto Rico, the United States Virgin Islands, Guam, the Commonwealth of the Northern Mariana Islands, and all other territories and possessions of the United States other than the Indian lands and the District of Columbia.

(aaa) [Reserved]

(bbb) *Transaction*. (1) Except as provided in paragraph (bbb)(2) of this section, transaction means a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, security, contract of sale of a commodity for future delivery, option on any contract of sale of a commodity for future delivery, option on a commodity, purchase or redemption of any money order, payment or order for any money remittance or transfer, purchase or redemption of casino chips or tokens, or other gaming instruments or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

(2) For purposes of §§ 1010.311, 1010.313, 1020.315, 1021.311, 1021.313, and other provisions of this chapter relating solely to the report required by those sections, the term ''transaction in currency'' shall mean a transaction involving the physical transfer of currency from one person to another. A transaction which is a transfer of funds by means of bank check, bank draft, wire transfer, or other written order, and which does not include the physical transfer of currency, is not a transaction in currency for this purpose.

(ccc) *Transaction account*. Transaction accounts include those accounts described in 12 U.S.C. 461(b)(1)(C), money market accounts and similar accounts that take deposits and are subject to withdrawal by check or other negotiable order.

(ddd) *Transmittal of funds*. A series of transactions beginning with the transmittor's transmittal order, made for the purpose of making payment to the recipient of the order. The term includes any transmittal order issued by the transmittor's financial institution or an intermediary financial institution intended to carry out the transmittor's transmittal order. The

term transmittal of funds includes a funds transfer. A transmittal of funds is completed by acceptance by the recipient's financial institution of a transmittal order for the benefit of the recipient of the transmittor's transmittal order. Funds transfers governed by the Electronic Fund Transfer Act of 1978 (Title XX, Pub. L. 95–630, 92 Stat. 3728, 15 U.S.C. 1693, *et seq.*), as well as any other funds transfers that are made through an automated clearinghouse, an automated teller machine, or a point-of-sale system, are excluded from this definition.

(eee) *Transmittal order.* The term transmittal order includes a payment order and is an instruction of a sender to a receiving financial institution, transmitted orally, electronically, or in writing, to pay, or cause another financial institution or foreign financial agency to pay, a fixed or determinable amount of money to a recipient if:

(1) The instruction does not state a condition to payment to the recipient other than time of payment;

(2) The receiving financial institution is to be reimbursed by debiting an account of, or otherwise receiving payment from, the sender; and

(3) The instruction is transmitted by the sender directly to the receiving financial institution or to an agent or communication system for transmittal to the receiving financial institution.

(fff) *Transmittor.* The sender of the first transmittal order in a transmittal of funds. The term transmittor includes an originator, except where the transmittor's financial institution is a financial institution or foreign financial agency other than a bank or foreign bank.

(ggg) *Transmittor's financial institution.* The receiving financial institution to which the transmittal order of the transmittor is issued if the transmittor is not a financial institution or foreign financial agency, or the transmittor if the transmittor is a financial institution or foreign financial agency. The term transmittor's financial institution includes an originator's bank, except where the originator is a transmittor's financial institution other than a bank or foreign bank.

(hhh) *United States.* The States of the United States, the District of Colum-

bia, the Indian lands (as that term is defined in the Indian Gaming Regulatory Act), and the Territories and Insular Possessions of the United States.

(iii) *U.S. person.* (1) A United States citizen; or (2) A person other than an individual (such as a corporation, partnership or trust), that is established or organized under the laws of a State or the United States. Non-U.S. person means a person that is not a U.S. person.

(jjj) *U.S. Postal Service.* The United States Postal Service, except with respect to the sale of postage or philatelic products.

(kkk) *Closed loop prepaid access.* Prepaid access to funds or the value of funds that can be used only for goods or services in transactions involving a defined merchant or location (or set of locations), such as a specific retailer or retail chain, a college campus, or a subway system.

(lll) *Loan or finance company.* A person engaged in activities that take place wholly or in substantial part within the United States in one or more of the capacities listed below, whether or not on a regular basis or as an organized business concern. This includes but is not limited to maintenance of any agent, agency, branch, or office within the United States. For the purposes of this paragraph (lll), the term ''loan or finance company'' shall include a sole proprietor acting as a loan or finance company, and shall not include: A bank, a person registered with and functionally regulated or examined by the Securities and Exchange Commission or the Commodity Futures Trading Commission, any government sponsored enterprise regulated by the Federal Housing Finance Agency, any Federal or state agency or authority administering mortgage or housing assistance, fraud prevention or foreclosure prevention programs, or an individual employed by a loan or finance company or financial institution under this part. A loan or finance company is not a financial institution as defined in the regulations in this part at 1010.100(t).

(1) *Residential mortgage lender or originator.* A residential mortgage lender or originator includes:

(i) *Residential mortgage lender.* The person to whom the debt arising from a residential mortgage loan is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement, or to whom the obligation is initially assigned at or immediately after settlement. The term ''residential mortgage lender'' shall not include an individual who finances the sale of the individual's own dwelling or real property.

(ii) *Residential mortgage originator.* A person who accepts a residential mortgage loan application or offers or negotiates terms of a residential mortgage loan.

(iii) *Residential mortgage loan.* A loan that is secured by a mortgage, deed of trust, or other equivalent consensual security interest on:

(A) A residential structure that contains one to four units, including, if used as a residence, an individual condominium unit, cooperative unit, mobile home or trailer; or

(B) Residential real estate upon which such a structure is constructed or intended to be constructed.

(2) [Reserved]

[75 FR 65812, Oct. 26, 2010, as amended at 76 FR 43596, July 21, 2011; 76 FR 45419, July 29, 2011; 77 FR 8157, Feb. 14, 2012]

## Subpart B—Programs

### §1010.200  General.

Each financial institution (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)) should refer to subpart B of its chapter X Part for any additional program requirements. Unless otherwise indicated, the program requirements contained in this subpart B apply to all financial institutions (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)).

### §1010.205  Exempted anti-money laundering programs for certain financial institutions.

(a) *Exempt financial institutions.* Subject to the provisions of paragraphs (c) and (d) of this section, the following financial institutions (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)) are exempt from the requirement in 31 U.S.C. 5318(h)(1) concerning the establishment of anti-money laundering programs:

(1) An agency of the United States Government, or of a State or local government, carrying out a duty or power of a business described in 31 U.S.C. 5312(a)(2); and

(2) [Reserved]

(b) *Temporary exemption for certain financial institutions.* (1) Subject to the provisions of paragraphs (c) and (d) of this section, the following financial institutions (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)) are exempt from the requirement in 31 U.S.C. 5318(h)(1) concerning the establishment of anti-money laundering programs:

(i) Pawnbroker;

(ii) Travel agency;

(iii) Telegraph company;

(iv) Seller of vehicles, including automobiles, airplanes, and boats;

(v) Person involved in real estate closings and settlements;

(vi) Private banker;

(vii) Commodity pool operator;

(viii) Commodity trading advisor; or

(ix) Investment company.

(2) Subject to the provisions of paragraphs (c) and (d) of this section, a bank (as defined in §1010.100(d)) that is not subject to regulation by a Federal functional regulator (as defined in §1010.100(r)) is exempt from the requirement in 31 U.S.C. 5318(h)(1) concerning the establishment of anti-money laundering programs.

(3) Subject to the provisions of paragraphs (c) and (d) of this section, a person described in §1010.100(t)(7) is exempt from the requirement in 31 U.S.C. 5318(h)(1) concerning the establishment of anti-money laundering programs.

(c) *Limitation on exemption.* The exemptions described in paragraph (b) of this section shall not apply to any financial institution that is otherwise required to establish an anti-money laundering program by this chapter.

(d) *Compliance obligations of deferred financial institutions.* Nothing in this section shall be deemed to relieve an exempt financial institution from its responsibility to comply with any other applicable requirement of law or regulation, including title 31 of the U.S.C. and this chapter.

[75 FR 65812, Oct. 26, 2010, as amended at 77 FR 8157, Feb. 14, 2012]

### § 1010.210　Anti-money laundering programs.

Each financial institution (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)) should refer to subpart B of its chapter X part for any additional anti-money laundering program requirements.

### § 1010.220　Customer identification program requirements.

Each financial institution (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)) should refer to subpart B of its chapter X part for any additional customer identification program requirements.

## Subpart C—Reports Required To Be Made

### § 1010.300　General.

Each financial institution (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)) should refer to its chapter X part for any additional reporting requirements. Unless otherwise indicated, the reporting requirements contained in this subpart C apply to all financial institutions.

### § 1010.301　Determination by the Secretary.

The Secretary hereby determines that the reports required by this chapter have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings.

### § 1010.305　[Reserved]

### § 1010.306　Filing of reports.

(a)(1) A report required by § 1010.311 or § 1021.311, shall be filed by the financial institution within 15 days following the day on which the reportable transaction occurred.

(2) A copy of each report filed pursuant to §§ 1010.311, 1010.313, 1020.315, 1021.311 and 1021.313, shall be retained by the financial institution for a period of five years from the date of the report.

(3) All reports required to be filed by §§ 1010.311, 1010.313, 1020.315, 1021.311 and 1021.313, shall be filed with the Commissioner of Internal Revenue, unless otherwise specified.

(b)(1) A report required by § 1010.340(a) shall be filed at the time of entry into the United States or at the time of departure, mailing or shipping from the United States, unless otherwise specified by the Commissioner of Customs and Border Protection.

(2) A report required by § 1010.340(b) shall be filed within 15 days after receipt of the currency or other monetary instruments.

(3) All reports required by § 1010.340 shall be filed with the Customs officer in charge at any port of entry or departure, or as otherwise specified by the Commissioner of Customs and Border Protection. Reports required by § 1010.340(a) for currency or other monetary instruments not physically accompanying a person entering or departing from the United States, may be filed by mail on or before the date of entry, departure, mailing or shipping. All reports required by § 1010.340(b) may also be filed by mail. Reports filed by mail shall be addressed to the Commissioner of Customs and Border Protection, Attention: Currency Transportation Reports, Washington, DC 20229.

(c) Reports required to be filed by § 1010.350 shall be filed with the Commissioner of Internal Revenue on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year.

(d) Reports required by § 1010.311, § 1010.313, § 1010.340, § 1010.350, § 1020.315, § 1021.311 or § 1021.313 of this chapter shall be filed on forms prescribed by the Secretary. All information called for in such forms shall be furnished.

(e) Forms to be used in making the reports required by § 1010.311, § 1010.313, § 1010.350, § 1020.315, § 1021.311 or § 1021.313 of this chapter may be obtained from the Internal Revenue Service. Forms to be used in making the reports required by § 1010.340 may be obtained from the U.S. Customs and Border Protection.

### § 1010.310　Reports of transactions in currency.

Sections 1010.310 through 1010.314 set forth the rules for the reporting by financial institutions of transactions in currency. Unless otherwise indicated, the transactions in currency reporting requirements in §§ 1010.310 through 1010.314 apply to all financial institutions. Each financial institution should refer to subpart C of its chapter X part

**Financial Crimes Enforcement Network, Treasury**   **§ 1010.350**

(7) A travelers' check issuer or its agent in respect to the transportation of travelers' checks prior to their delivery to selling agents for eventual sale to the public;

(8) By a person with respect to a restrictively endorsed traveler's check that is in the collection and reconciliation process after the traveler's check has been negotiated;

(9) Nor by a person engaged as a business in the transportation of currency, monetary instruments and other commercial papers with respect to the transportation of currency or other monetary instruments overland between established offices of banks or brokers or dealers in securities and foreign persons.

(d) A transfer of funds through normal banking procedures which does not involve the physical transportation of currency or monetary instruments is not required to be reported by this section. This section does not require that more than one report be filed covering a particular transportation, mailing or shipping of currency or other monetary instruments with respect to which a complete and truthful report has been filed by a person. However, no person required by paragraph (a) or (b) of this section to file a report shall be excused from liability for failure to do so if, in fact, a complete and truthful report has not been filed.

**§ 1010.350   Reports of foreign financial accounts.**

(a) *In general.* Each United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists and shall provide such information as shall be specified in a reporting form prescribed under 31 U.S.C. 5314 to be filed by such persons. The form prescribed under section 5314 is the Report of Foreign Bank and Financial Accounts (TD–F 90–22.1), or any successor form. *See* paragraphs (g)(1) and (g)(2) of this section for a special rule for persons with a financial interest in 25 or more accounts, or signature or other authority over 25 or more accounts.

(b) *United States person.* For purposes of this section, the term "United States person" means—

(1) A citizen of the United States;

(2) A resident of the United States. A resident of the United States is an individual who is a resident alien under 26 U.S.C. 7701(b) and the regulations thereunder but using the definition of "United States" provided in 31 CFR 1010.100(hhh) rather than the definition of "United States" in 26 CFR 301.7701(b)–1(c)(2)(ii); and

(3) An entity, including but not limited to, a corporation, partnership, trust, or limited liability company created, organized, or formed under the laws of the United States, any State, the District of Columbia, the Territories and Insular Possessions of the United States, or the Indian Tribes.

(c) *Types of reportable accounts.* For purposes of this section—

(1) *Bank account.* The term "bank account" means a savings deposit, demand deposit, checking, or any other account maintained with a person engaged in the business of banking.

(2) *Securities account.* The term "securities account" means an account with a person engaged in the business of buying, selling, holding or trading stock or other securities.

(3) *Other financial account.* The term "other financial account" means—

(i) An account with a person that is in the business of accepting deposits as a financial agency;

(ii) An account that is an insurance or annuity policy with a cash value;

(iii) An account with a person that acts as a broker or dealer for futures or options transactions in any commodity on or subject to the rules of a commodity exchange or association; or

(iv) An account with—

(A) *Mutual fund or similar pooled fund.* A mutual fund or similar pooled fund which issues shares available to the general public that have a regular net asset value determination and regular redemptions; or

(B) *Other investment fund.* [Reserved]

(4) *Exceptions for certain accounts.* (i) An account of a department or agency of the United States, an Indian Tribe, or any State or any political subdivision of a State, or a wholly-owned entity, agency or instrumentality of any of

the foregoing is not required to be reported. In addition, reporting is not required with respect to an account of an entity established under the laws of the United States, of an Indian Tribe, of any State, or of any political subdivision of any State, or under an intergovernmental compact between two or more States or Indian Tribes, that exercises governmental authority on behalf of the United States, an Indian Tribe, or any such State or political subdivision. For this purpose, an entity generally exercises governmental authority on behalf of the United States, an Indian Tribe, a State, or a political subdivision only if its authorities include one or more of the powers to tax, to exercise the power of eminent domain, or to exercise police powers with respect to matters within its jurisdiction.

(ii) An account of an international financial institution of which the United States government is a member is not required to be reported.

(iii) An account in an institution known as a ''United States military banking facility'' (or ''United States military finance facility'') operated by a United States financial institution designated by the United States Government to serve United States government installations abroad is not required to be reported even though the United States military banking facility is located in a foreign country.

(iv) Correspondent or nostro accounts that are maintained by banks and used solely for bank-to-bank settlements are not required to be reported.

(d) *Foreign country.* A foreign country includes all geographical areas located outside of the United States as defined in 31 CFR 1010.100(hhh).

(e) *Financial interest.* A financial interest in a bank, securities or other financial account in a foreign country means an interest described in this paragraph (e):

(1) *Owner of record or holder of legal title.* A United States person has a financial interest in each bank, securities or other financial account in a foreign country for which he is the owner of record or has legal title whether the account is maintained for his own benefit or for the benefit of others. If an account is maintained in the name of more than one person, each United States person in whose name the account is maintained has a financial interest in that account.

(2) *Other financial interest.* A United States person has a financial interest in each bank, securities or other financial account in a foreign country for which the owner of record or holder of legal title is—

(i) A person acting as an agent, nominee, attorney or in some other capacity on behalf of the United States person with respect to the account;

(ii) A corporation in which the United States person owns directly or indirectly more than 50 percent of the voting power or the total value of the shares, a partnership in which the United States person owns directly or indirectly more than 50 percent of the interest in profits or capital, or any other entity (other than an entity in paragraphs (e)(2)(iii) through (iv) of this section) in which the United States person owns directly or indirectly more than 50 percent of the voting power, total value of the equity interest or assets, or interest in profits;

(iii) A trust, if the United States person is the trust grantor and has an ownership interest in the trust for United States Federal tax purposes. *See* 26 U.S.C. 671–679 and the regulations thereunder to determine if a grantor has an ownership interest in the trust for the year; or

(iv) A trust in which the United States person either has a present beneficial interest in more than 50 percent of the assets or from which such person receives more than 50 percent of the current income.

(3) *Anti-avoidance rule.* A United States person that causes an entity, including but not limited to a corporation, partnership, or trust, to be created for a purpose of evading this section shall have a financial interest in any bank, securities, or other financial account in a foreign country for which the entity is the owner of record or holder of legal title.

(f) *Signature or other authority*—(1) *In general.* Signature or other authority means the authority of an individual (alone or in conjunction with another) to control the disposition of money, funds or other assets held in a financial

626

account by direct communication (whether in writing or otherwise) to the person with whom the financial account is maintained.

(2) *Exceptions*—(i) An officer or employee of a bank that is examined by the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision, or the National Credit Union Administration need not report that he has signature or other authority over a foreign financial account owned or maintained by the bank if the officer or employee has no financial interest in the account.

(ii) An officer or employee of a financial institution that is registered with and examined by the Securities and Exchange Commission or Commodity Futures Trading Commission need not report that he has signature or other authority over a foreign financial account owned or maintained by such financial institution if the officer or employee has no financial interest in the account.

(iii) An officer or employee of an Authorized Service Provider need not report that he has signature or other authority over a foreign financial account owned or maintained by an investment company that is registered with the Securities and Exchange Commission if the officer or employee has no financial interest in the account. "Authorized Service Provider" means an entity that is registered with and examined by the Securities and Exchange Commission and that provides services to an investment company registered under the Investment Company Act of 1940.

(iv) An officer or employee of an entity with a class of equity securities listed (or American depository receipts listed) on any United States national securities exchange need not report that he has signature or other authority over a foreign financial account of such entity if the officer or employee has no financial interest in the account. An officer or employee of a United States subsidiary of a United States entity with a class of equity securities listed on a United States national securities exchange need not file a report concerning signature or other

authority over a foreign financial account of the subsidiary if he has no financial interest in the account and the United States subsidiary is included in a consolidated report of the parent filed under this section.

(v) An officer or employee of an entity that has a class of equity securities registered (or American depository receipts in respect of equity securities registered) under section 12(g) of the Securities Exchange Act need not report that he has signature or other authority over the foreign financial accounts of such entity or if he has no financial interest in the accounts.

(g) *Special rules*—(1) *Financial interest in 25 or more foreign financial accounts.* A United States person having a financial interest in 25 or more foreign financial accounts need only provide the number of financial accounts and certain other basic information on the report, but will be required to provide detailed information concerning each account when so requested by the Secretary or his delegate.

(2) *Signature or other authority over 25 or more foreign financial accounts.* A United States person having signature or other authority over 25 or more foreign financial accounts need only provide the number of financial accounts and certain other basic information on the report, but will be required to provide detailed information concerning each account when so requested by the Secretary or his delegate.

(3) *Consolidated reports.* An entity that is a United States person and which owns directly or indirectly more than a 50 percent interest in one or more other entities required to report under this section will be permitted to file a consolidated report on behalf of itself and such other entities.

(4) *Participants and beneficiaries in certain retirement plans.* Participants and beneficiaries in retirement plans under sections 401(a), 403(a) or 403(b) of the Internal Revenue Code as well as owners and beneficiaries of individual retirement accounts under section 408 of the Internal Revenue Code or Roth IRAs under section 408A of the Internal Revenue Code are not required to file an FBAR with respect to a foreign financial account held by or on behalf of the retirement plan or IRA.

(1) If the purchaser has a deposit account with the financial institution:

(i)(A) The name of the purchaser;

(B) The date of purchase;

(C) The type(s) of instrument(s) purchased;

(D) The serial number(s) of each of the instrument(s) purchased; and

(E) The amount in dollars of each of the instrument(s) purchased.

(ii) In addition, the financial institution must verify that the individual is a deposit accountholder or must verify the individual's identity. Verification may be either through a signature card or other file or record at the financial institution provided the deposit accountholder's name and address were verified previously and that information was recorded on the signature card or other file or record; or by examination of a document which is normally acceptable within the banking community as a means of identification when cashing checks for nondepositors and which contains the name and address of the purchaser. If the deposit accountholder's identity has not been verified previously, the financial institution shall verify the deposit accountholder's identity by examination of a document which is normally acceptable within the banking community as a means of identification when cashing checks for nondepositors and which contains the name and address of the purchaser, and shall record the specific identifying information (*e.g.*, State of issuance and number of driver's license).

(2) If the purchaser does not have a deposit account with the financial institution:

(i)(A) The name and address of the purchaser;

(B) The social security number of the purchaser, or if the purchaser is an alien and does not have a social security number, the alien identification number;

(C) The date of birth of the purchaser;

(D) The date of purchase;

(E) The type(s) of instrument(s) purchased;

(F) The serial number(s) of the instrument(s) purchased; and

(G) The amount in dollars of each of the instrument(s) purchased.

(ii) In addition, the financial institution shall verify the purchaser's name and address by examination of a document which is normally acceptable within the banking community as a means of identification when cashing checks for nondepositors and which contains the name and address of the purchaser, and shall record the specific identifying information (*e.g.*, State of issuance and number of driver's license).

(b) Contemporaneous purchases of the same or different types of instruments totaling $3,000 or more shall be treated as one purchase. Multiple purchases during one business day totaling $3,000 or more shall be treated as one purchase if an individual employee, director, officer, or partner of the financial institution has knowledge that these purchases have occurred.

(c) Records required to be kept shall be retained by the financial institution for a period of five years and shall be made available to the Secretary upon request at any time.

**§ 1010.420  Records to be made and retained by persons having financial interests in foreign financial accounts.**

Records of accounts required by § 1010.350 to be reported to the Commissioner of Internal Revenue shall be retained by each person having a financial interest in or signature or other authority over any such account. Such records shall contain the name in which each such account is maintained, the number or other designation of such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during the reporting period. Such records shall be retained for a period of 5 years and shall be kept at all times available for inspection as authorized by law. In the computation of the period of 5 years, there shall be disregarded any period beginning with a date on which the taxpayer is indicted or information instituted on account of the filing of a false or fraudulent Federal income tax return or failing to file

a Federal income tax return, and ending with the date on which final disposition is made of the criminal proceeding.

### § 1010.430  Nature of records and retention period.

(a) Wherever it is required that there be retained either the original or a microfilm or other copy or reproduction of a check, draft, monetary instrument, investment security, or other similar instrument, there shall be retained a copy of both front and back of each such instrument or document, except that no copy need be retained of the back of any instrument or document which is entirely blank or which contains only standardized printed information, a copy of which is on file.

(b) Records required by this chapter to be retained by financial institutions may be those made in the ordinary course of business by a financial institution. If no record is made in the ordinary course of business of any transaction with respect to which records are required to be retained by this chapter, then such a record shall be prepared in writing by the financial institution.

(c) The rules and regulations issued by the Internal Revenue Service under 26 U.S.C. 6109 determine what constitutes a taxpayer identification number and whose number shall be obtained in the case of an account maintained by one or more persons.

(d) All records that are required to be retained by this chapter shall be retained for a period of five years. Records or reports required to be kept pursuant to an order issued under § 1010.370 of this chapter shall be retained for the period of time specified in such order, not to exceed five years. All such records shall be filed or stored in such a way as to be accessible within a reasonable period of time, taking into consideration the nature of the record, and the amount of time expired since the record was made.

### § 1010.440  Person outside the United States.

For the purposes of this chapter, a remittance or transfer of funds, or of currency, other monetary instruments, checks, investment securities, or credit to the domestic account of a person whose address is known by the person making the remittance or transfer, to be outside the United States, shall be deemed to be a remittance or transfer to a person outside the United States, except that, unless otherwise directed by the Secretary, this section shall not apply to a transaction on the books of a domestic financial institution involving the account of a customer of such institution whose address is within approximately 50 miles of the location of the institution, or who is known to be temporarily outside the United States.

## Subpart E—Special Information Sharing Procedures To Deter Money Laundering and Terrorist Activity

### § 1010.500  General.

Sections 1010.505 through 1010.540 of this subpart E were issued pursuant to the requirements of section 314 of the USA PATRIOT Act. Each financial institution (as defined in 31 U.S.C. 5312(a)(2) or (c)(1)) should refer to its chapter X part for any additional special information sharing procedures.

### § 1010.505  Definitions.

For purposes of this subpart E, the following definitions apply:

(a) *Account* means a formal banking or business relationship established to provide regular services, dealings, and other financial transactions, and includes, but is not limited to, a demand deposit, savings deposit, or other transaction or asset account and a credit account or other extension of credit.

(b) *Money laundering* means an activity criminalized by 18 U.S.C. 1956 or 1957, or an activity that would be criminalized by 18 U.S.C. 1956 or 1957 if it occurred in the United States.

(c) *Terrorist activity* means an act of domestic terrorism or international terrorism as those terms are defined in 18 U.S.C. 2331.

(d) *Transaction.* (1) Except as provided in paragraph (d)(2) of this section, the term ''transaction'' shall have the same meaning as provided in § 1010.100(bbb).

**Financial Crimes Enforcement Network, Treasury** §1010.810

person upon written request specifically identifying the ruling sought. FinCEN will make every effort to respond to each requestor within 90 days of receiving a request.

(Approved by the Office of Management and Budget under control number 1506–0009)

### §1010.716 Modifying or rescinding rulings.

(a) The Director, FinCEN, or his designee may modify or rescind any ruling made pursuant to §1010.715:

(1) When, in light of changes in the statute or regulations, the ruling no longer sets forth the interpretation of the Director, FinCEN with respect to the described situation,

(2) When any fact or statement submitted in the original ruling request is found to be materially inaccurate or incomplete, or

(3) For other good cause.

(b) Any person may submit to the Director, FinCEN a written request that an administrative ruling be modified or rescinded. The request should conform to the requirements of §1010.711, explain why rescission or modification is warranted, and refer to any reasons in paragraph (a) of this section that are relevant. The request may advocate an alternative interpretation and may set forth the legal and factual basis for that interpretation.

(c) FinCEN shall modify an existing administrative ruling by issuing a new ruling that rescinds the relevant prior ruling. Once rescinded, an administrative ruling shall no longer have any precedential value.

(d) An administrative ruling may be modified or rescinded retroactively with respect to one or more parties to the original ruling request if the Director, FinCEN, determines that:

(1) A fact or statement in the original ruling request was materially inaccurate or incomplete,

(2) The requestor failed to notify in writing FinCEN of a material change to any fact or statement in the original request, or

(3) A party to the original request acted in bad faith when relying upon the ruling.

### §1010.717 Disclosing information.

(a) Any part of any administrative ruling, including names, addresses, or information related to the business transactions of private parties, may be disclosed pursuant to a request under the Freedom of Information Act, 5 U.S.C. 552. If the request for an administrative ruling contains information which the requestor wishes to be considered for exemption from disclosure under the Freedom of Information Act, the requestor should clearly identify such portions of the request and the reasons why such information should be exempt from disclosure.

(b) A requestor claiming an exemption from disclosure will be notified, at least 10 days before the administrative ruling is issued, of a decision not to exempt any of such information from disclosure so that the underlying request for an administrative ruling can be withdrawn if the requestor so chooses.

## Subpart H—Enforcement; Penalties; and Forfeiture

### §1010.810 Enforcement.

(a) Overall authority for enforcement and compliance, including coordination and direction of procedures and activities of all other agencies exercising delegated authority under this chapter, is delegated to the Director, FinCEN.

(b) Authority to examine institutions to determine compliance with the requirements of this chapter is delegated as follows:

(1) To the Comptroller of the Currency with respect to those financial institutions regularly examined for safety and soundness by national bank examiners;

(2) To the Board of Governors of the Federal Reserve System with respect to those financial institutions regularly examined for safety and soundness by Federal Reserve bank examiners;

(3) To the Federal Deposit Insurance Corporation with respect to those financial institutions regularly examined for safety and soundness by FDIC bank examiners;

(4) To the Federal Home Loan Bank Board with respect to those financial institutions regularly examined for

655

safety and soundness by FHLBB bank examiners;

(5) To the Chairman of the Board of the National Credit Union Administration with respect to those financial institutions regularly examined for safety and soundness by NCUA examiners.

(6) To the Securities and Exchange Commission with respect to brokers and dealers in securities and investment companies as that term is defined in the Investment Company Act of 1940 (15 U.S.C. 80–1 *et seq.*);

(7) To the Commissioner of Customs and Border Protection with respect to §§ 1010.340 and 1010.830;

(8) To the Commissioner of Internal Revenue with respect to all financial institutions, except brokers or dealers in securities, mutual funds, futures commission merchants, introducing brokers in commodities, and commodity trading advisors, not currently examined by Federal bank supervisory agencies for soundness and safety; and

(9) To the Commodity Futures Trading Commission with respect to futures commission merchants, introducing brokers in commodities, and commodity trading advisors.

(c) Authority for investigating criminal violations of this chapter is delegated as follows:

(1) To the Commissioner of Customs and Border Protection with respect to § 1010.340;

(2) To the Commissioner of Internal Revenue except with respect to § 1010.340.

(d) Authority for the imposition of civil penalties for violations of this chapter lies with the Director of FinCEN.

(e) Periodic reports shall be made to the Director, FinCEN by each agency to which compliance authority has been delegated under paragraph (b) of this section. These reports shall be in such a form and submitted at such intervals as the Director, FinCEN may direct. Evidence of specific violations of any of the requirements of this chapter may be submitted to the Director, FinCEN at any time.

(f) The Director, FinCEN or his delegate, and any agency to which compliance has been delegated under paragraph (b) of this section, may examine any books, papers, records, or other data of domestic financial institutions relevant to the recordkeeping or reporting requirements of this chapter.

(g) The authority to enforce the provisions of 31 U.S.C. 5314 and §§ 1010.350 and 1010.420 of this chapter has been redelegated from FinCEN to the Commissioner of Internal Revenue by means of a Memorandum of Agreement between FinCEN and IRS. Such authority includes, with respect to 31 U.S.C. 5314 and 1010.350 and 1010.420 of this chapter, the authority to: assess and collect civil penalties under 31 U.S.C. 5321 and 31 CFR 1010.820; investigate possible civil violations of these provisions (in addition to the authority already provided at paragraph (c)(2) of this section); employ the summons power of subpart I of this part 1010; issue administrative rulings under subpart G of this part 1010; and take any other action reasonably necessary for the enforcement of these and related provisions, including pursuit of injunctions.

## § 1010.820   Civil penalty.

(a) For any willful violation, committed on or before October 12, 1984, of any reporting requirement for financial institutions under this chapter or of any recordkeeping requirements of §§ 1010.311, 1010.313, 1020.315, 1021.311 or 1021.313, the Secretary may assess upon any domestic financial institution, and upon any partner, director, officer, or employee thereof who willfully participates in the violation, a civil penalty not to exceed $1,000.

(b) For any willful violation committed after October 12, 1984 and before October 28, 1986, of any reporting requirement for financial institutions under this chapter or of the recordkeeping requirements of § 1010.420, the Secretary may assess upon any domestic financial institution, and upon any partner, director, officer, or employee thereof who willfully participates in the violation, a civil penalty not to exceed $10,000.

(c) For any willful violation of any recordkeeping requirement for financial institutions, except violations of § 1010.420, under this chapter, the Secretary may assess upon any domestic financial institution, and upon any partner, director, officer, or employee thereof who willfully participates in

**Financial Crimes Enforcement Network, Treasury**                    **§ 1010.840**

the violation, a civil penalty not to exceed $1,000.

(d) For any failure to file a report required under §1010.340 or for filing such a report containing any material omission or misstatement, the Secretary may assess a civil penalty up to the amount of the currency or monetary instruments transported, mailed or shipped, less any amount forfeited under §1010.830.

(e) For any willful violation of §1010.314 committed after January 26, 1987, the Secretary may assess upon any person a civil penalty not to exceed the amount of coins and currency involved in the transaction with respect to which such penalty is imposed. The amount of any civil penalty assessed under this paragraph shall be reduced by the amount of any forfeiture to the United States in connection with the transaction for which the penalty was imposed.

(f) For any willful violation committed after October 27, 1986, of any reporting requirement for financial institutions under this chapter (except §1010.350, §1010.360 or §1010.420), the Secretary may assess upon any domestic financial institution, and upon any partner, director, officer, or employee thereof who willfully participates in the violation, a civil penalty not to exceed the greater of the amount (not to exceed $100,000) involved in the transaction or $25,000.

(g) For any willful violation committed after October 27, 1986, of any requirement of §1010.350, §1010.360 or §1010.420, the Secretary may assess upon any person, a civil penalty:

(1) In the case of a violation of §1010.360 involving a transaction, a civil penalty not to exceed the greater of the amount (not to exceed $100,000) of the transaction, or $25,000; and

(2) In the case of a violation of §1010.350 or §1010.420 involving a failure to report the existence of an account or any identifying information required to be provided with respect to such account, a civil penalty not to exceed the greater of the amount (not to exceed $100,000) equal to the balance in the account at the time of the violation, or $25,000.

(h) For each negligent violation of any requirement of this chapter, committed after October 27, 1986, the Secretary may assess upon any financial institution a civil penalty not to exceed $500.

**§ 1010.830   Forfeiture of currency or monetary instruments.**

Any currency or other monetary instruments which are in the process of any transportation with respect to which a report is required under §1010.340 are subject to seizure and forfeiture to the United States if such report has not been filed as required in §1010.360, or contains material omissions or misstatements. The Secretary may, in his sole discretion, remit or mitigate any such forfeiture in whole or in part upon such terms and conditions as he deems reasonable.

**§ 1010.840   Criminal penalty.**

(a) Any person who willfully violates any provision of Title I of Public Law 91–508, or of this chapter authorized thereby may, upon conviction thereof, be fined not more than $1,000 or be imprisoned not more than 1 year, or both. Such person may in addition, if the violation is of any provision authorized by Title I of Public Law 91–508 and if the violation is committed in furtherance of the commission of any violation of Federal law punishable by imprisonment for more than 1 year, be fined not more than $10,000 or be imprisoned not more than 5 years, or both.

(b) Any person who willfully violates any provision of Title II of Public Law 91–508, or of this chapter authorized thereby, may, upon conviction thereof, be fined not more than $250,000 or be imprisoned not more than 5 years, or both.

(c) Any person who willfully violates any provision of Title II of Public Law 91–508, or of this chapter authorized thereby, where the violation is either

(1) Committed while violating another law of the United States, or

(2) Committed as part of a pattern of any illegal activity involving more than $100,000 in any 12-month period, may, upon conviction thereof, be fined not more than $500,000 or be imprisoned not more than 10 years, or both.

(d) Any person who knowingly makes any false, fictitious or fraudulent

657

statement or representation in any report required by this chapter may, upon conviction thereof, be fined not more than $10,000 or be imprisoned not more than 5 years, or both.

### § 1010.850 Enforcement authority with respect to transportation of currency or monetary instruments.

(a) If a customs officer has reasonable cause to believe that there is a monetary instrument being transported without the filing of the report required by §§ 1010.340 and 1010.360 of this chapter, he may stop and search, without a search warrant, a vehicle, vessel, aircraft, or other conveyance, envelope or other container, or person entering or departing from the United States with respect to which or whom the officer reasonably believes is transporting such instrument.

(b) If the Secretary has reason to believe that currency or monetary instruments are in the process of transportation and with respect to which a report required under § 1010.340 has not been filed or contains material omissions or misstatements, he may apply to any court of competent jurisdiction for a search warrant. Upon a showing of probable cause, the court may issue a warrant authorizing the search of any or all of the following:

(1) One or more designated persons.

(2) One or more designated or described places or premises.

(3) One or more designated or described letters, parcels, packages, or other physical objects.

(4) One or more designated or described vehicles. Any application for a search warrant pursuant to this section shall be accompanied by allegations of fact supporting the application.

(c) This section is not in derogation of the authority of the Secretary under any other law or regulation.

## Subpart I—Summons

### § 1010.911 General.

For any investigation for the purpose of civil enforcement of violations of the Bank Secrecy Act, or any regulation issued pursuant to the Bank Secrecy Act, the Secretary or delegate of the Secretary may summon a financial institution or an officer or employee of a financial institution (including a former officer or employee), or any person having possession, custody, or care of any of the records and reports required under the Bank Secrecy Act or this chapter to appear before the Secretary or his delegate, at a time and place named in the summons, and to give testimony, under oath, and be examined, and to produce such books, papers, records, or other data as may be relevant or material to such investigation.

### § 1010.912 Persons who may issue summons.

For purposes of this chapter, the following officials are hereby designated as delegates of the Secretary who are authorized to issue a summons under § 1010.911, solely for the purposes of civil enforcement of this chapter:

(a) *FinCEN.* The Director, FinCEN.

(b) *Internal Revenue Service.* Except with respect to § 1010.340 of this chapter, the Commissioner, the Deputy Commissioner, or a delegate of either official, and, for the purposes of perfecting seizures and forfeitures related to civil enforcement of this chapter, the Chief (Criminal Investigation) or a delegate.

(c) *Customs and Border Protection.* With respect to § 1010.340 of this chapter, the Commissioner, the Deputy Commissioner, the Assistant Commissioner (Enforcement), Regional Commissioners, Assistant Regional Commissioners (Enforcement), and Special Agents in Charge.

### § 1010.913 Contents of summons.

(a) *Summons for testimony.* Any summons issued under § 1010.911 of this chapter to compel the appearance and testimony of a person shall state:

(1) The name, title, address, and telephone number of the person before whom the appearance shall take place (who may be a person other than the persons who are authorized to issue such a summons under § 1010.912 of this chapter);

(2) The address to which the person summoned shall report for the appearance;

(3) The date and time of the appearance; and

(4) The name, title, address, and telephone number of the person who has issued the summons.

(b) *Summons of books, papers, records, or data.* Any summons issued under § 1010.911 of this chapter to require the production of books, papers, records, or other data shall describe the materials to be produced with reasonable specificity, and shall state:

(1) The name, title, address, and telephone number of the person to whom the materials shall be produced (who may be a person other than the persons who are authorized to issue such a summons under § 1010.912 of this chapter);

(2) The address at which the person summoned shall produce the materials, not to exceed 500 miles from any place where the financial institution operates or conducts business in the United States;

(3) The specific manner of production, whether by personal delivery, by mail, or by messenger service;

(4) The date and time for production; and

(5) The name, title, address, and telephone number of the person who has issued the summons.

### § 1010.914 Service of summons.

(a) *Who may serve.* Any delegate of the Secretary authorized under § 1010.912 of this chapter to issue a summons, or any other person authorized by law to serve summonses or other process, is hereby authorized to serve a summons issued under this chapter.

(b) *Manner of service.* Service of a summons may be made—

(1) Upon any person, by registered mail, return receipt requested, directed to the person summoned;

(2) Upon a natural person by personal delivery; or

(3) Upon any other person by delivery to an officer, managing or general agent, or any other agent authorized to receive service of process.

(c) *Certificate of service.* The summons shall contain a certificate of service to be signed by the server of the summons. On the hearing of an application for enforcement of the summons, the certificate of service signed by the person serving the summons shall be evidence of the facts it states.

### § 1010.915 Examination of witnesses and records.

(a) *General.* Any delegate of the Secretary authorized under § 1010.912 of this chapter to issue a summons, or any officer or employee of the Treasury Department or any component thereof who is designated by that person (whether in the summons or otherwise), is hereby authorized to receive evidence and to examine witnesses pursuant to the summons. Any person authorized by law may administer any oaths and affirmations that may be required under this subpart.

(b) *Testimony taken under oath.* Testimony of any person under this chapter may be taken under oath, and shall be taken down in writing by the person examining the person summoned or shall be otherwise transcribed. After the testimony of a witness has been transcribed, a copy of that transcript shall be made available to the witness upon request, unless for good cause the person issuing the summons determines, under 5 U.S.C. 555, that a copy should not be provided. If such a determination has been made, the witness shall be limited to inspection of the official transcript of the testimony.

(c) *Disclosure of summons, testimony, or records.* Unless the Secretary or a delegate of the Secretary listed under § 1010.912(a) of this chapter so authorizes in writing, or it is otherwise required by law, no delegate of the Secretary listed under § 1010.912 (b) or (c) of this chapter or other officer or employee of the Treasury Department or any component thereof shall—

(1) Make public the name of any person to whom a summons has been issued under this chapter, or release any information to the public concerning that person or the issuance of a summons to that person prior to the time and date set for that person's appearance or production of records; or

(2) Disclose any testimony taken (including the name of the witness) or material presented pursuant to the summons, to any person other than an officer or employee of the Treasury Department or of any component thereof. Nothing in the preceding sentence shall preclude a delegate of the Secretary, or other officer or employee of the Treasury Department or any component

thereof, from disclosing testimony taken, or material presented pursuant to a summons issued under this chapter, to any person in order to obtain necessary information for investigative purposes relating to the performance of official duties, or to any officer or employee of the Department of Justice in connection with a possible violation of Federal law.

### § 1010.916   Enforcement of summons.

In the case of contumacy by, or refusal to obey a summons issued to, any person under this chapter, the Secretary or any delegate of the Secretary listed under § 1010.912 of this chapter shall refer the matter to the Attorney General or delegate of the Attorney General (including any United States Attorney or Assistant United States Attorney, as appropriate), who may bring an action to compel compliance with the summons in any court of the United States within the jurisdiction of which the investigation which gave rise to the summons being or has been carried on, the jurisdiction in which the person summoned is a resident, or the jurisdiction in which the person summoned carries on business or may be found. When a referral is made by a delegate of the Secretary other than a delegate named in § 1010.912(a) of this chapter, prompt notification of the referral must be made to the Director, FinCEN. The court may issue an order requiring the person summoned to appear before the Secretary or delegate of the Secretary to produce books, papers, records, or other data, to give testimony as may be necessary in order to explain how such material was compiled and maintained, and to pay the costs of the proceeding. Any failure to obey the order of the court may be punished by the court as a contempt thereof. All process in any case under this section may be served in any judicial district in which such person may be found.

### § 1010.917   Payment of expenses.

Persons summoned under this chapter shall be paid the same fees and mileage for travel in the United States that are paid witnesses in the courts of the United States. The United States shall not be liable for any other expense incurred in connection with the production of books, papers, records, or other data under this chapter.

## Subpart J—Miscellaneous

### § 1010.920   Access to records.

Except as provided in §§ 1020.410(b)(1), 1021.410(a), and 1023.410(a)(1), and except for the purpose of assuring compliance with the recordkeeping and reporting requirements of this chapter, this chapter does not authorize the Secretary or any other person to inspect or review the records required to be maintained by this chapter. Other inspection, review or access to such records is governed by other applicable law.

### § 1010.930   Rewards for informants.

(a) If an individual provides original information which leads to a recovery of a criminal fine, civil penalty, or forfeiture, which exceeds $50,000, for a violation of the provisions of the Bank Secrecy Act or of this chapter, the Secretary may pay a reward to that individual.

(b) The Secretary shall determine the amount of the reward to be paid under this section; however, any reward paid may not be more than 25 percent of the net amount of the fine, penalty or forfeiture collected, or $150,000, whichever is less.

(c) An officer or employee of the United States, a State, or a local government who provides original information described in paragraph (a) in the performance of official duties is not eligible for a reward under this section.

### § 1010.940   Photographic or other reproductions of Government obligations.

Nothing herein contained shall require or authorize the microfilming or other reproduction of:

(a) Currency or other obligation or security of the United States as defined in 18 U.S.C. 8, or

(b) Any obligation or other security of any foreign government, the reproduction of which is prohibited by law.



# Department of the Treasury
# Financial Crimes Enforcement Network

### 31 CFR Chapter X
### General Cross-reference Index

The following provides a general cross-reference index for the transfer of FinCEN's regulations from 31 CFR Part 103 to 31 CFR Chapter X on March 1, 2011.  This index is provided for informational purposes only and does not replace or supersede FinCEN's regulations.

| 31 CFR Part 103 | 31 CFR Chapter X |
| --- | --- |
| 103.11 | 1010.100. |
| 103.12 | 1010.301. |
| 103.15(a)–(g) | 1024.320(a)–(g). |
| 103.16(a) | Deleted. |
| 103.16(b)–(i) | 1025.320(a)–(h). |
| 103.17(a)–(h) | 1026.320(a)–(h). |
| 103.18(a)–(f) | 1020.320(a)–(f). |
| 103.19(a)–(h) | 1023.320(a)–(h). |
| 103.20(a)–(f) | 1022.320(a)–(f). |
| 103.21(a)–(g) | 1021.320(a)–(g). |
| 103.22(a) | Deleted. |
| 103.22(b)(1) | 1010.311. |
| 103.22(b)(2)(i)–(iii) | 1021.311(a)–(c). |
| 103.22(c)(1) & (2) | 1010.313(a) & (b). |
| 103.22(c)(3) | 1021.313. |
| 103.22(d)(1) Sentences1 and 3 | 1020.315(a). |
| 103.22(d)(1) Sentence 2 | 1010.315. |
| 103.22(d)(2)-(9) | 1020.315(b)–(i). |
| 103.23(a)–(d) | 1010.340(a)–(d). |
| 103.24 | 1010.350. |
| 103.25(a)–(e) | 1010.360(a)–(e). |
| 103.26(a)–(d) | 1010.370(a)–(d). |
| 103.27(a)(1) | 1010.306(a)(1). |
| 103.27(a)(2) | Deleted. |
| 103.27(a)(3) & (4) | 1010.306(a)(2) & (3). |
| 103.27(b)–(e) | 1010.306(b)–(e). |
| 103.28 | 1010.312. |
| 103.29(a)–(c) | 1010.415(a)–(c). |
| 103.30(a)–(c) | 1010.330(a)–(c). |
| 103.30(d)(1)(i)–(iv) | 1021.330(a)–(d). |
| 103.30(d)(2) | 1010.330(d)(2). |
| 103.30(d)(3) | 1010.330(d)(1). |
| 103.30(e) | 1010.330(e). |
| 103.31 | 1010.401. |
| 103.32 | 1010.420. |
| 103.33(a)–(d) | 1010.410(a)–(d). |
| 103.33(e) | 1020.410(a). |

| 31 CFR Part 103 | 31 CFR Chapter X |
| --- | --- |
| 103.33(f) & (g) | 1010.410(e) & (f). |
| 103.34(a) & (b) | 1020.410(b) & (c). |
| 103.35(a) & (b) | 1023.410(a) & (b). |
| 103.36(a)–(c) | 1021.410(a)–(c). |
| 103.37(a)–(c) | 1022.410(a)–(c). |
| 103.38(a)–(d) | 1010.430(a)–(d). |
| 103.39 | 1010.440. |
| 103.41(a)–(f) | 1022.380(a)–(f). |
| 103.51 | 1010.980. |
| 103.52(a) & (b) | 1010.940(a) & (b). |
| 103.53(a)–(f) | 1010.950(a)–(f). |
| 103.54 | 1010.960. |
| 103.55(a)–(c) | 1010.970(a)–(c). |
| 103.56(a)–(g) | 1010.810(a)–(g). |
| 103.57(a)–(h) | 1010.820(a)–(h). |
| 103.58 | 1010.830. |
| 103.59(a)–(d) | 1010.840(a)–(d). |
| 103.60(a)–(c) | 1010.850(a)–(c). |
| 103.61 | 1010.920. |
| 103.62(a)–(c) | 1010.930(a)–(c). |
| 103.63(a)–(c) | 1010.314(a)–(c). |
| 103.64(a) | 1021.210(b). |
| 103.64(b)(1) | 1021.100(a). |
| 103.64(b)(2) | 1021.100(b). |
| 103.64(b)(3) | 1021.100(c). |
| 103.64(b)(4) | 1021.100(d). |
| 103.64(b)(5) | 1021.100(e). |
| 103.71 | 1010.911. |
| 103.72(a)–(c) | 1010.912(a)–(c). |
| 103.73(a) & (b) | 1010.913(a) & (b). |
| 103.74(a)–(c) | 1010.914(a)–(c). |
| 103.75(a)–(c) | 1010.915(a)–(c). |
| 103.76 | 1010.916. |
| 103.77 | 1010.917. |
| 103.80 | 1010.710. |
| 103.81(a)–(e) | 1010.711(a)–(e). |
| 103.82 | 1010.712. |
| 103.83(a) & (b) | 1010.713(a) & (b). |
| 103.84 | 1010.714. |

| 31 CFR Part 103 | 31 CFR Chapter X |
|---|---|
| 103.85 ........................ | 1010.715. |
| 103.86(a)–(d) ............ | 1010.716(a)–(d). |
| 103.87(a) & (b) ......... | 1010.717(a) & (b). |
| 103.90(a) ................... | 1010.505(b). |
| 103.90(b) ................... | 1010.505(c). |
| 103.90(c) ................... | 1010.505(a). |
| 103.90(d) ................... | 1010.505(d). |
| 103.100(a)(1) & (a)(3) | Deleted. |
| 103.100(a)(2) & (a)(4) | 1010.520(a)(1) & (2). |
| 103.100(b) ................. | 1010.520(b). |
| 103.110(a)(1) ............. | Deleted. |
| 103.110(a)(2) & (3) ... | 1010.540(a)(1) & (2). |
| 103.110(b)–(d) ........... | 1010.540(b)–(d). |
| 103.120(a)(1) ............. | 1020.100(d)(1) & 1023.100(e)(1). |
| 103.120(a)(2) ............. | 1010.100(r). |
| 103.120(a)(3) ............. | 1010.100(tt). |
| 103.120(a)(4) ............. | Deleted. |
| 103.120(b) ................. | 1020.210. |
| 103.120(c)(1) & (2) ... | 1023.210(a) & (b) & 1026.210(b)(1) & (2). |
| 103.120(d) ................. | 1021.210(a). |
| 103.121(a)(1) ............. | 1020.100(a). |
| 103.121(a)(2) ............. | 1020.100(b). |
| 103.121(a)(3) ............. | 1020.100(c). |
| 103.121(a)(4) ............. | Deleted. |
| 103.121(a)(5) ............. | 1020.100(d)(2). |
| 103.121(a)(6) ............. | 1010.100(yy). |
| 103.121(a)(7) ............. | 1010.100(iii). |
| 103.121(a)(8) ............. | 1010.100(iii). |
| 103.121(b)–(d) ........... | 1020.220(a)–(c). |
| 103.122(a)(1) ............. | 1023.100(a). |
| 103.122(a)(2) ............. | 1023.100(b). |
| 103.122(a)(3) ............. | 1023.100(c). |
| 103.122(a)(4) ............. | 1023.100(d). |
| 103.122(a)(5) ............. | Deleted. |
| 103.122(a)(6) ............. | 1023.100(e). |
| 103.122(a)(7) ............. | Deleted. |
| 103.122(a)(8) ............. | Deleted. |
| 103.122(a)(9) ............. | Deleted. |
| 103.122(b)–(d) ........... | 1023.220(a)–(c). |
| 103.123(a)(1) ............. | 1026.100(a). |
| 103.123(a)(2) ............. | Deleted. |
| 103.123(a)(3) ............. | 1026.100(b). |
| 103.123(a)(4) ............. | 1026.100(c). |
| 103.123(a)(5) ............. | 1026.100(d). |
| 103.123(a)(6) ............. | Deleted. |
| 103.123(a)(7) ............. | 1026.100(e). |
| 103.123(a)(8) ............. | 1026.100(f). |
| 103.123(a)(9) ............. | 1026.100(g). |

| 31 CFR Part 103 | 31 CFR Chapter X |
|---|---|
| 103.123(a)(10) .......... | 1026.100(h). |
| 103.123(a)(11) .......... | Deleted. |
| 103.123(a)(12) .......... | Deleted. |
| 103.123(a)(13) .......... | Deleted. |
| 103.123(b)–(d) ........... | 1026.220(a)–(c). |
| 103.125(a)–(e) .......... | 1022.210(a)–(e). |
| 103.130(a) ................. | Deleted. |
| 103.130(b) & (c) ....... | 1024.210(a) & (b). |
| 103.131(a)(1) ............. | 1024.100(a). |
| 103.131(a)(2) ............. | 1024.100(c). |
| 103.131(a)(3) ............. | 1010.100(r). |
| 103.131(a)(4) ............. | 1024.100(d). |
| 103.131(a)(5) ............. | 1010.100(gg). |
| 103.131(a)(6) ............. | 1010.100(iii). |
| 103.131(a)(7) ............. | 1010.100(yy). |
| 103.131(a)(8) ............. | 1010.100(iii). |
| 103.131(b)–(d) ........... | 1024.220(a)–(c). |
| 103.135(a)(1) ............. | 1028.100(e). |
| 103.135(a)(2) ............. | 1028.100(d). |
| 103.135(a)(3) ............. | 1028.100(a). |
| 103.135(a)(4) ............. | 1028.100(f). |
| 103.135(a)(5) ............. | 1028.100(b). |
| 103.135(a)(6) ............. | 1028.100(c). |
| 103.135(b) & (c) ....... | 1028.210(a) & (b). |
| 103.137(a)(1) ............. | 1025.100(a). |
| 103.137(a)(2) ............. | Deleted. |
| 103.137(a)(3) ............. | Deleted. |
| 103.137(a)(4) ............. | 1025.100(b). |
| 103.137(a)(5) ............. | 1025.100(c). |
| 103.137(a)(6) ............. | 1025.100(d). |
| 103.137(a)(7) ............. | 1025.100(e). |
| 103.137(a)(8) ............. | 1025.100(f). |
| 103.137(a)(9) ............. | 1025.100(g). |
| 103.137(a)(10) .......... | 1025.100(h). |
| 103.137(a)(11) .......... | Deleted. |
| 103.137(a)(12) .......... | Deleted. |
| 103.137(b)–(e) .......... | 1025.210(a)–(d). |
| 103.140(a)(1) ............. | 1027.100(a). |
| 103.140(a)(2) ............. | 1027.100(b). |
| 103.140(a)(3) ............. | 1027.100(c). |
| 103.140(a)(4) ............. | 1027.100(d). |
| 103.140(a)(5) ............. | 1027.100(e). |
| 103.140(a)(6) ............. | Deleted. |
| 103.140(a)(7) ............. | 1027.100(f). |
| 103.140(b)–(d) ........... | 1027.210(a)–(c). |
| 103.170(a)–(d) .......... | 1010.205(a)–(d). |
| 103.175(a) ................. | 1010.100(c). |
| 103.175(b) ................. | 1010.605(a). |
| 103.175(c) ................. | 1010.605(b). |
| 103.175(d) ................. | 1010.605(c). |

<u>31 CFR Part 103</u> <u>31 CFR Chapter X</u>

103.175(e) ................ 1010.605(d).
103.175(f) ................. 1010.605(e).
103.175(g) ................ Deleted.
103.175(h) ................ 1010.605(f).
103.175(i) ................. 1010.605(g).
103.175(j) ................. 1010.605(h).
103.175(k) ................ 1010.605(i).
103.175(l) ................. 1010.605(j).
103.175(m) ............... 1010.605(k).
103.175(n) ................ 1010.605(l).
103.175(o) ................ 1010.605(m).
103.175(p) ................ 1010.605(n).
103.175(q) ................ 1010.605(o).
103.175(r) ................ 1010.605(p).
103.175(s) ................ Deleted.
103.175(t) ................. Deleted.
103.176(a)–(g) ........... 1010.610(a)–(g).
103.177(a)–(f) ........... 1010.630(a)–(f).
103.178(a)–(e) ........... 1010.620(a)–(e).
103.185(a)–(f) ........... 1010.670(a)–(f).
103.186(a)(1) ............ 1010.651(a)(2).
103.186(a)(2) ............ 1010.651(a)(3).
103.186(a)(3) ............ 1010.651(a)(1).
103.186(b) ................ 1010.651(b).
103.187(a)(1) ............ 1010.652(a)(2).
103.187(a)(2) ............ 1010.652(a)(3).
103.187(a)(3) ............ 1010.652(a)(4).
103.187(a)(4) ............ 1010.652(a)(1).
103.187(b) ................ 1010.652(b).
103.188(a)(1) ............ 1010.653(a)(1).
103.188(a)(2) ............ 1010.653(a)(2).
103.188(a)(3) ............ 1010.653(a)(3).
103.188(a)(4) ............ 1010.653(a)(4).
103.188(b) ................ 1010.653(b).
103.192(a)(1) ............ 1010.654(a)(1).
103.192(a)(2) ............ 1010.654(a)(2).
103.192(a)(3) ............ 1010.654(a)(3).
103.192(a)(4) ............ 1010.654(a)(4).
103.192(b) ................ 1010.654(b).
103.193(a)(1) ............ 1010.655(a)(1).
103.193(a)(2) ............ 1010.655(a)(2).
103.193(a)(3) ............ 1010.655(a)(3).
103.193(a)(4) ............ 1010.655(a)(4).
103.193(b) ................ 1010.655(b).