

**Fox Rothschild LLP**
ATTORNEYS AT LAW

Mail: P.O. Box 5231, Princeton, NJ 08543-5231

Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

Alain Leibman
Direct Dial: (609) 895-6743
Email Address: aleibman@foxrothschild.com

## TO BE FILED UNDER SEAL

December 7, 2012

**VIA FEDERAL EXPRESS**
Hon. Victor Marrero, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  **In re: Various Grand Jury Subpoenas
12-Misc-00381 (SEALED)**

Dear Judge Marerro:

The undersigned represents Subject E , a respondent on the grand jury subpoena annexed as Exhibit E to the Declaration of Daniel W. Levy, AUSA, which accompanies the Government's pending application. Respondent previously lodged with the Government, among other responses to this subpoena (one of three related subpoenas served on Subject E : or his/her limited liability company in this investigation), an assertion of a Fifth Amendment "act of production" privilege. Respondent thus opposes the Government's motion to compel compliance with the subpoena in contravention of the constitutional privilege, and relies upon, and adopts the arguments set forth in, the memorandum of law in opposition being filed by the law firm of Kostelanetz & Fink, LLP, on behalf of three of the subpoena respondents identified in other exhibits to the Levy Declaration.

We write separately, though, to illuminate an important procedural aspect of this application. The Government, for its own reasons, chose to move in a single application against five otherwise unrelated respondents. It did so, the Government explains, because of their "substantially identical grand jury subpoenas" and because, in response to those subpoenas, the individual respondents had "asserted an act of production privilege against self-incrimination under the Fifth Amendment." (Gov't mem. of law, at 1). The application assumes that all five



**Fox Rothschild LLP**
ATTORNEYS AT LAW

Hon. Victor Marrero, U.S.D.J.
December 7, 2012
Page 2

persons or entities are subject to various regulations promulgated pursuant to the Bank Secrecy Act, but offers the Court no substantiation, only the allegation that all five "are *believed* ... to be hiding bank accounts in Switzerland ...." (*Ibid.*) (emphasis added). Thus, the issue for decision as deliberately framed by the Government is quite narrow: whether "the recipients of the subpoenas should be compelled to comply with the subpoenas notwithstanding their invocation of the privilege." (*Ibid.*).

By filing a single application joining individuals whose only common link is that they were served with substantially similar subpoenas and that they independently asserted the same constitutional objection to production, the Government's application necessarily assumes a number of facts important to the application to be true and to thereby render each respondent subject to the pertinent regulations. Put another way, the application assumes the existence of operative facts critical to the applicability of those regulations, and assumes that those operative facts are equally applicable in all five instances, including without limitation: (i) the actual existence of a foreign bank account; (ii) of qualifying balance; (iii) in which the taxpayer has a qualifying interest or in which he/she/it had signatory authority.[1]

The application waves away any such factual differences between these unrelated respondents or even the need for the Court to develop appropriate factual findings, in favor of assuming those facts to be true in order to pose a single, narrow legal issue for decision. However, those factual circumstances, and their legal implications, have bearing on whether compliance with the subject subpoenas may be properly avoided on other, non-constitutional grounds, and whether the respondents even possess the obligation for record-retention which is attributed to them by the Government and which is essential to the Government's argument that the Fifth Amendments act of production privilege is overcome.

---

[1] Although beyond the scope of this narrowly-posited application, we believe that these factual assumptions will be shown to be incorrect in the case of Subject E. Based on counsel's investigation and consultation with tax law experts, it is believed that the features of the trust which is identified by the Government (Gov't mem. of law, at 6-8) -- even assuming *arguendo* that it owns a qualifying foreign bank account -- leave Subject E without the requisite "financial interest" as defined in 31 C.F.R. § 103.24 and render Subject E outside the scope of the regulations in question here.



**Fox Rothschild LLP**
ATTORNEYS AT LAW

Hon. Victor Marrero, U.S.D.J.
December 7, 2012
Page 3

    In sum, then, we respectfully request that the Court consider that it is being requested to decide a matter of constitutional law based on facts hypothesized by the Government in its favor, and so is respectfully urged to rule narrowly. Even on those assumed facts, however, we also respectfully request that the Court deny the application for the foregoing reasons.

                                    Respectfully yours,

                                    Alain Leibman

AL/bc
cc:    Daniel W. Levy, AUSA
        David B. Massey, AUSA
        Jason H. Cowley, AUSA