1:12-mc-0381-P1

# MANDATE

13-1644-cv(L)
In re: Various Grand Jury Subpoenas

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fourteen.

PRESENT:   REENA RAGGI,
               PETER W. HALL,
               GERARD E. LYNCH,
                     *Circuit Judges.*

------------------------------------------------------------------------
IN RE VARIOUS GRAND JURY SUBPOENAS,
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
              *Movant-Appellee,*

         v.                         Nos.  13-1644-cv(L)[1]
                                                 13-1716-cv(con)
                                                 13-1794-cv(con)
                                                 13-1896-cv(con)

SUBJECT A, SUBJECT D,
              *Respondents-Appellants,*

SUBJECT B, SUBJECT C, SUBJECT E,
              *Respondents*.
------------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 24, 2014

---

[1] Appeal number 13-1644 was closed by order dated March 19, 2014.  Appeal 13-1794 was closed by order dated March 21, 2014.

1

| | |
|---|---|
| APPEARING FOR APPELLANTS: | RICHARD A. LEVINE, Roberts & Holland LLP, New York, New York, *for appellant Subject A*. |
| | DAVID A. KATZ, Katz & Associates, Beverly Hills, California, *for appellant Subject D*. |
| APPEARING FOR APPELLEE: | JASON H. COWLEY (Michael A. Levy, *on the* brief), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |

Appeal from an order of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on April 23, 2013, is AFFIRMED.

Subjects A and D appeal from an order holding them in civil contempt for failing to comply with an earlier order compelling compliance with a grand jury subpoena. Appellants argue that they cannot be compelled to comply with a subpoena that would violate their Fifth Amendment right against self-incrimination. "We review a finding of contempt under an abuse of discretion standard that is more rigorous than usual." Southern New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted).  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

This appeal arises in the context of a grand jury investigation into the maintenance of undeclared overseas accounts in violation of the Bank Secrecy Act of 1970 ("BSA"), see

31 U.S.C. § 5311 et seq.  Pursuant thereto, appellants were subpoenaed to produce records required to be maintained pursuant to 31 C.F.R. § 1010.420, a regulation implementing the BSA.  Appellants argue that producing the requested records would be tantamount to admitting past failures to disclose the existence of overseas accounts in violation of BSA.

As appellants acknowledge, this court recently rejected this precise argument in In re Grand Jury Subpoena Dated Feb. 2, 2012, 741 F.3d 339 (2d Cir. 2013).  There, we held that the required records doctrine still operates as an exception to the Fifth Amendment privilege against self-incrimination.  See id. at 346–47.  Further, citing Grosso v. United States, 390 U.S. 62 (1968), we held that records kept pursuant to 31 C.F.R. § 1010.420 constitute required records because they are "essentially regulatory," are "customarily kept," and "have assumed public aspects which render them at least analogous to public documents."  In re Grand Jury Subpoena Dated Feb. 2, 2012, 741 F.3d at 347–52 (internal quotation marks omitted).

Appellants do not dispute that the holding in In re Grand Jury Subpoena Dated Feb. 2, 2012 applies to this case; instead, they argue that In re Grand Jury Subpoena Dated Feb. 2, 2012 was incorrectly decided.  As appellants recognize, however, "a panel of this Court is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court."  Lotes Co., Ltd. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 405 (2d Cir. 2014) (internal quotation marks omitted).[2]  Accordingly, we are obliged to give In re Grand Jury Subpoena Dated Feb. 2, 2012

---

[2] Recognizing the effect of In re Grand Jury Subpoena Dated Feb. 2, 2012, appellants petitioned for initial hearing en banc.  This motion was denied by the court on June 23, 2014.

3

controlling effect and to conclude that it defeats appellants' Fifth Amendment challenge to the order compelling them to produce § 1010.420 required records.

Appellants separately argue that insofar as the subpoena requests records "including but not limited to records required to be maintained pursuant to 31 C.F.R. § 1010.420," J.A. 14, it reaches beyond the required records doctrine.   The government responds that it did not seek to compel production of materials reaching beyond those whose maintenance is required by the BSA, nor did the district court order any broader production.   We agree. The district court's order compelling production and its subsequent contempt order pertain only to records required to be maintained under the BSA.

We have considered appellants' remaining arguments and conclude that they are without merit.   We therefore AFFIRM the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4