**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re:

VARIOUS GRAND JURY SUBPOENAS

_____

12 Misc. 381 - WHP

**MOTION TO WITHDRAW**
**AS COUNSEL**

Attorney David A. Katz hereby moves to withdraw as counsel in this case nunc pro tunc to the close of business on September 29, 2014.  Mr. Katz believes that no hearing is required on this motion, but if the Court wishes to have a hearing, counsel is available to be in this Court on Monday December 1, 2014.

The client ("Subject D") hired Mr. Katz to handle the appeal of the April 23, 2013 civil contempt order, and expressly not to appear in District Court. Declaration of David A. Katz ("Katz Decl.") ¶3.

After the oral argument before the Second Circuit on September 29, 2014, Subject D informed Mr. Katz in writing that he had hired new counsel.  Mr. Katz subsequently learned that the new lawyer is Jeremy D. Temkin.  Katz Decl. ¶ 4.

On October 24, 2014, Mr. Temkin told Mr. Katz that, because the district court case was marked "closed" in February 2013, and because Mr. Temkin does not believe anything will ever happen in this case (12 Misc. 381) going forward, he believes it unnecessary to file a notice of appearance or request to substitute himself into this case as D's counsel.  Katz Decl. ¶5.

In an abundance of caution, Mr. Katz is filing this motion to withdraw so there will be no ambiguity that Mr. Katz is not representing Subject D on the matter of the grand jury subpoena served on D, the civil contempt order against D, or any other matter.

## I

On April 23, 2013, this Court issued an order in this case, 12 Misc. 381 (WHP), holding several persons in civil contempt, imposing daily fines as sanctions, and staying the sanctions until 10 days after the Court of Appeals decision. Exh. A.

Subject D was one of the persons held in civil contempt and whose contempt sanction was stayed until 10 days after getting a decision from the Second Circuit Court of Appeals. If one dates 10 days from the mandate (October 24, 2014), 10 days runs November 3, 2014. If one dates it another way, it arguably runs October 10, which is the position that the government takes. Exh. E.

## II

After April 23, 2013, Subject D retained Mr. Katz to handle the appeal to the Second Circuit. Mr. Katz was not retained to appear in District Court.

In order to appeal, Mr. Katz had to file a notice of appeal in district court, which he did on May 10, 2013. Exh. B. To file the notice of appeal, Mr. Katz had to move for admission pro hac vice, which Mr. Katz did on May 7, 2013. Exh. C. On May 9, 2013, this Court granted Mr. Katz's request. Exh. D. The ECF system thereafter reflected Mr. Katz as counsel of record in this case. As of this filing, Mr. Katz is still listed as counsel of record in this case.

On the morning of September 29, 2014, Mr. Richard Levine for Subject A, and Mr. Katz for Subject D, argued to the Second Circuit. Later, that afternoon, Subject D emailed: "Hi David, I have retained another Attorney to represent me [Subject D] in your place." Mr. Katz promptly sent Subject D the complete discovery/file in the case. On October 6, Mr. Katz received the Second Circuit decision (dated October 1, 2014), and emailed it that day to D. Katz Decl. ¶6.

On October 14, 2014, Mr. Katz received an email from AUSA Cowley stating that Subject D already owed four days' worth of sanctions. Exh. E. Mr.

Katz forwarded this e-mail to D that day, and Mr. Katz urged D to make sure his new attorney was addressing the matter and contacting the AUSA.  Katz Decl. ¶ 7.

On October 24, 2014, Subject D's new attorney, Mr. Temkin, contacted Mr. Katz.  Mr. Temkin stated he had contacted AUSA Cowley and that Mr. Temkin had agreed with AUSA Cowley that the sanctions are not currently running.  Mr. Temkin noted that the district court "mc" case is marked "closed" as of February 2013. Mr. Katz pointed out that while the district court "mc" case was marked "closed" as of February 2013, it was *after that* that the district court ordered compliance by Subject D and stayed its order.  Exh. A.  It was also after February 2013 that Mr. Katz filed the notice of appeal.  Mr. Katz urged Mr. Temkin to file or lodge an appearance in the district court mc case or Mr. Katz would move to withdraw from it.  Mr. Temkin said that he would check with his office and speak with AUSA Cowley about the best way to proceed.  Mr. Katz agreed to delay filing the substitution of counsel request until mid-week.  Katz Decl. ¶8.

On October 29, 2014, Mr. Katz wrote to Mr. Temkin that he had not heard from him or received a notice of appearance from Mr. Temkin or a substitution by Mr. Temkin into this case.  Mr. Katz requested that Mr. Temkin send an appearance by him into this case (or a substitution of counsel request), and informed Mr. Temkin that Mr. Katz would file a motion to withdraw if he did not receive one.  Katz Decl. ¶9.

Later on October 29, 2014, Mr. Temkin wrote Mr. Katz: "I exchanged messages with AUSA Jason Cowley earlier today. Jason confirmed my understanding that nothing further will be happening in the Miscellaneous proceeding and that there is no need for me to file an appearance in that case."  Mr. Temkin also attached a voicemail from AUSA Cowley in which the AUSA stated, "I don't see a need for you to file [unintelligible] or anything else that needs to happen in that proceeding to my knowledge."  Katz Decl. ¶10.

If nothing further occurs in this case, Mr. Katz should be allowed to withdraw from this case nunc pro tunc to the close of business on September 29, 2014. If anything ever *does* happen in this case, or if the Court has any issue it wishes to address in this case, Subject D is represented by Mr. Temkin, who can enter an appearance as necessary. In either event, Mr. Katz should not be required to remain on the record as Subject D's counsel when Mr. Katz has no further obligations in this matter.

### III

For the foregoing reasons it is respectfully requested that the Court grant Mr. Katz's motion to withdraw, nunc pro tunc to close of business September 29, 2014.

Dated:        October 31, 2014            Respectfully Submitted,

/s/_____

David A. Katz, Cal. Bar No. 112874
Katz & Associates
433 N. Camden Dr., Ste. 600
Beverly Hills, CA 90210
P: (310)279-5111 / F: (310)279-5112
katznassoc@aol.com

## DECLARATION OF DAVID A. KATZ

I, David A. Katz, declare as follows:

1.      I am an attorney licensed to practice law in the State of California, and a member of the State Bar of California.

2.      I am counsel of record for Subject D in this case, No. 12 Misc. 381.

3.      The client ("Subject D") hired me to handle the appeal of the April 23, 2013 civil contempt order, and expressly not to appear in District Court.

4.      After the oral argument before the Second Circuit on September 29, 2014, Subject D informed me in writing that he had hired new counsel. I subsequently learned that the new lawyer is Jeremy D. Temkin.

5.      On October 24, 2014, Mr. Temkin told me that, because the district court case was marked "closed" in February 2013, and because Mr. Temkin does not believe anything will ever happen in this case (12 Misc. 381) going forward, he believes it unnecessary to file a notice of appearance or request to substitute himself into this case as D's counsel.

6.      On the morning of September 29, 2014, Mr. Richard Levine for Subject A, and myself for Subject D, argued to the Second Circuit.  Later that afternoon, Subject D emailed: "Hi David, I have retained another Attorney to represent me [Subject D] in your place." I promptly sent Subject D the complete discovery/file in the case.  On October 6, I received the Second Circuit decision (dated October 1, 2014), and emailed it that day to Subject D.

7.      On October 14, 2014, I received an email from AUSA Cowley stating that Subject D already owed four days' worth of sanctions.  I forwarded this e-mail to Subject D that day, and I urged Subject D to make sure his new attorney was addressing the matter and contacting the AUSA.

8.      On October 24, 2014, Subject D's new attorney, Mr. Temkin, contacted me.  Mr. Temkin stated he had contacted AUSA Cowley and that Mr.

Temkin had agreed with AUSA Cowley that the sanctions are not currently running.  Mr. Temkin noted that the district court "mc" case is marked "closed" as of February 2013. I pointed out that while the district court "mc" case was marked "closed" as of February 2013, it was *after that* that the district court ordered compliance by Subject D and stayed its order.  It was also after February 2013 that I filed the notice of appeal.  I urged Mr. Temkin to file or lodge an appearance in the district court mc case or I would move to withdraw from it.  Mr. Temkin said that he would check with his office and speak with AUSA Cowley about the best way to proceed. I agreed to delay filing the substitution of counsel request until mid-week.

9.     On October 29, 2014, I wrote to Mr. Temkin that I had not heard from him or received a notice of appearance from Mr. Temkin or a substitution by Mr. Temkin into this case.  I requested that Mr. Temkin send an appearance by him into this case (or a substitution of counsel form), and informed Mr. Temkin that I would file a motion to withdraw if I did not receive one.

10.     Later on October 29, 2014, Mr. Temkin wrote me: "I exchanged messages with AUSA Jason Cowley earlier today. Jason confirmed my understanding that nothing further will be happening in the Miscellaneous proceeding and that there is no need for me to file an appearance in that case."  Mr. Temkin also attached a voicemail from AUSA Cowley in which the AUSA stated, "I don't see a need for you to file [unintelligible] or anything else that needs to happen in that proceeding to my knowledge."

I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 31, 2014          /s/_____

David A. Katz

# PROOF OF SERVICE

I, David A. Katz, am employed in the county of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 433 North Camden Drive, Suite 600, Beverly Hills, CA 90210.

On the date below, I served the foregoing document described as:

MOTION TO WITHDRAW AS COUNSEL; DECLARATION; EXHIBITS; PROPOSED ORDER

on the interested parties  in this action by use of the ECF to:

AUSA Cowley (by ECF)

Jeremy H. Temkin, Esq.
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017
JTemkin@maglaw.com

[X]  (BY PERSONAL SERVICE)  I caused such envelope to be delivered by ECF or e-mail to the addressee.

[X]  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 31, 2014                    __/s/_____

                                        David A. Katz