Case 1:12-mc-00381-P1   Document 12   Filed 04/23/13   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

VARIOUS GRAND JURY SUBPOENAS

12 Misc. 381 (WHP)

CIVIL CONTEMPT ORDER

------------------------------------------------------------X

WILLIAM H. PAULEY III, United States District Judge:

The Court makes the following findings:

1. On the dates listed below, the Clerk of Court for the Southern District of New York issued subpoenas to the following persons (collectively, the "Subjects") on behalf of the grand jury (collectively, the "Subpoenas"):

December 1, 2011 -- Subject A

December 1, 2011 -- Subject B

May 7, 2012 -- Subject C

November 9, 2011 -- Subject D

October 4, 2010 -- Subject E

The Subpoenas were all properly served on the Subjects.

2. Each of the Subpoenas commanded the Subject to whom the particular Subpoena was directed to produce to the Government certain documents on or before a date specified in the relevant Subpoena. The Subjects did not produce by the date specified, and have not produced as of the date hereof, to the Government documents responsive to the Subpoenas and each of the Subjects has invoked his or her Fifth Amendment privilege against self-incrimination.

A

3. On November 19, 2012, the Government obtained an Order to Show Cause why an order should not be entered compelling each of the Subjects to produce the records called for by the Subpoenas, and, in support of the motion, filed a Memorandum of Law. On December 10, 2012, counsel for the Subjects served and filed papers in opposition to the Government's motion to compel. On December 21, 2012, the Government served and filed reply papers in further support of the motion to compel.

4. On February 19, 2013, following oral argument conducted on January 25, 2013, the Court issued a Memorandum and Order granting the Government's motion to compel and directing the Subjects to produce documents responsive to the Subpoenas.

5. Each of the Subjects intends to appeal the Court's February 19, 2013, Memorandum and Order. In order to do so, each of the Subjects must be held in contempt for failure to comply with the Memorandum and Order and failure to produce such documents responsive to the Subpoena.

6. Three elements are required to hold a party in civil contempt: (a) the order that the party failed to comply with must be clear and unambiguous; (b) the proof of noncompliance must be clear and convincing; and (c) the party must not have been reasonably diligent in attempting to comply. *See United States v. Local 1804-1, International Longshoremen's Ass'n, AFL–CIO*, 44 F.3d 1091, 1096 (2d Cir. 1995).

7. Each of the Subjects has acknowledged in separate Stipulations (the "Stipulations") that the Court's February 19, 2013, Memorandum and Order granting the Government's motion and directing the Subjects to produce documents responsive to the Subpoenas is clear and unambiguous.

8. Each of the Subjects continues to refuse to comply with the February 19, 2013, Memorandum and Order and continue to decline to produce documents responsive to the Subpoenas, based on his or her Fifth Amendment privilege, which proves clearly and convincingly that each of the Subjects has not complied with the February 19, 2013, Memorandum and Order and the direction to produce documents responsive to the Subpoenas.

9. Each of the Subjects has not complied with, and has not exercised reasonable diligence in attempting to comply with, the February 19, 2013, Memorandum and Order and the direction that each of the Subjects produce documents responsive to the Subpoenas, based on his or her Fifth Amendment privilege. Other than his or her claimed Fifth Amendment privilege, each of the Subjects has no other valid basis for failing to comply with the February 19, 2013, Memorandum and Order and the direction that each of the Subjects produce documents responsive to the Subpoenas.

10. Based on Stipulations entered into by each of the Subjects and his or her counsel, each of the Subjects has been advised by counsel of the consequences of this Civil Contempt Order and consents to the entry of this Civil Contempt Order.

Accordingly, IT IS HEREBY ORDERED that:

1. Each of the Subjects is in civil contempt;

2. The sanction for each of the Subjects for such civil contempt is a fine of $1,000 per day payable to the Registry of the Court until such Subject produces documents responsive to the Subpoena directed to such Subject;

3. The sanction is stayed until ten (10) days after any decision of the United States Court of Appeals for the Second Circuit on the anticipated appeal by the Subjects of the February 19, 2013, Memorandum and Order;

4. The Government shall file via ECF its Memorandum of Law in Support of Government's Motion to Compel Compliance With Grand Jury Subpoenas, dated November 19, 2012, with Appendix A and B, and its Reply Memorandum of Law in Further Support of Government's Motion to Compel Compliance With Grand Jury Subpoenas, dated December 21, 2012;

5. The Subjects shall filed via ECF their Memorandum of Law in Opposition to Government's Motion to Compel Compliance With Grand Jury Subpoenas, dated December 10, 2012;

6. The Government shall file via ECF a properly redacted version of the Order to Show Cause, dated November 19, 2012, and Declaration of Daniel W. Levy, dated November 19, 2012, with Exhibits A through H;

7. The Subjects shall file via ECF a properly redacted version of their letters, dated December 7 and 10, 2012.

8. The Government shall file via ECF properly redacted versions of the Stipulations and file the unredacted Stipulations under seal.

Dated: April 23, 2013
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.