

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

February 10, 2017

**BY ECF**

The Hon. William H. Pauley III
United States District Judge
500 Pearl Street
New York, NY 10007

    Re: <u>In re Various Grand Jury Subpoenas</u>, 12 Misc. 381 (WHP)

Dear Judge Pauley:

  The Government writes in opposition to Subject E's motion to vacate the Court's January 24, 2017 order (the "Sanctions Order"), which imposed sanctions of $1,000 per day starting February 14, 2017 "until Subject E produces documents responsive to the 2010 Subpoena and 2016 Subpoena."

## Background

  As noted in Subject E's motion, on February 2, 2017 (nine days after the Court issued the Sanctions Order), Subject E made certain document requests (the "Requests") to various foreign banks, including banks in Switzerland, as well as Sinco Treuhand AG ("Sinco"), a Swiss financial advisory firm controlled by Beda Singenberger.  The Requests note that they are made "in compliance with" a court order and asks that the documents be provided to the Government with a copy "of any qualifying records so disclosed" also provided to Subject E's counsel.

  As of the date of this letter, the Government has not received any documents directly from the subjects of the Requests, but Subject E's counsel has forwarded to the Government a document production apparently made by Sinco on February 7, 2017 to Subject E enclosing certain bank statements for accounts held by the Subject E entity.  That production was accompanied by a letter from Sinco noting that (a) records for the years 2005 and 2006 are "not available anymore" because Swiss law requires the maintenance of records for only 10 years; and (b) Swiss law bars the production of records directly to a foreign government agency in response to the Requests.

1

**Argument**

Subject E's motion should be denied because she has not, as she asserts, "complied in all respects with the Court's Order." Subject E's Memorandum of Law ("Mem.") at 6. The Court's order imposed sanctions "until Subject E *produces* documents responsive to the 2010 Subpoena and 2016 Subpoena." (Docket Entry No. 60 at 20-21) (emphasis added). The making of the Requests, and the production of some—but not all—of the relevant documents, falls short of the bar set by the Court.

Further, the Government has serious concerns about whether Swiss banks will honor the Requests in light of Swiss bank secrecy laws since, in contrast to the waivers typically executed by taxpayers seeking to obtain Swiss bank documents, the requests note that they (1) are compelled by Court order; and (2) ask that the documents be provided directly to the Department of Justice rather than directly to the client. The Government has reached out to legal counsel for the relevant banks to determine whether they will honor the Requests, and is awaiting responses. It is not clear from Subject E's submission whether she or her counsel made similar inquiries. Obviously, there is nothing preventing Subject E from executing the standard waivers that the relevant banks have honored in similar situations.

Subject E asserts that she should not be penalized due to delay by third party banks in responding to the Requests, but Subject E had ample time to obtain the relevant documents from third parties in a timely fashion and simply declined to do so. Subject E did not make the Requests in March 2014, when she represented that she had produced to the Government a "complete production of records required by the subpoena." (Lenow Decl. Ex. CC.). Subject E also failed to make any of the Requests in November 2016, when her counsel stated, in response to the Court's question about requesting documents from one bank, "We'll do that today. . . . We will sign the form." Nov. 23, 2016 Oral Arg. Tr. at 22. Moreover, Subject E's delay in making the Requests has, according to Sinco, apparently resulted in the destruction of documents from 2005 and 2006 that Subject E was required to produce and made no effort to preserve or obtain prior to this month.

Finally, in light of the record in this matter, the Government has concerns that Subject E has not, contrary to her claims, "taken every action within her power," Mem. at 2, to comply with the Court's orders, *see, e.g.*, Lenow Decl. Ex. CC (Assertion by Subject E's counsel on October 9, 2014 that Subject E had made a "complete production of records required by the subpoena."); Nov. 23, 2016 Oral Arg. Tr. at 20 (Assertion by Subject E's counsel, prior to producing records in response to sanctions order, that "I say this, Judge, in absolutely the most respectful manner, your sanctions will have no effect. One cannot produce what one doesn't have."). For example, based on Subject E's submissions, she does not appear to have yet made any document requests to relevant management or legal entities in Lichtenstein or Panama, or to additional financial entities noted in the production from Sinco. The Government therefore

respectfully submits that continued sanctions are necessary to compel full and timely compliance with the Court's orders.

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

By:    _/s/ Jared Lenow_____
                                            Jared Lenow/Katherine Reilly
                                            Assistant United States Attorneys
                                            (212) 637-1068/6521

Cc (by Email):

Alain Leibman, Esq.
Matthew S. Adams, Esq.