

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

March 30, 2017

**BY ECF AND EMAIL**

The Hon. William H. Pauley III
United States District Judge
500 Pearl Street
New York, NY 10007

      Re:     In re Various Grand Jury Subpoenas, 12 Misc. 381 (WHP)

Dear Judge Pauley:

      The Government writes in opposition to Subject E's second motion to vacate the Court's January 24, 2017 order (the "Sanctions Order"), which imposed sanctions of $1,000 per day "until Subject E produces documents responsive to the 2010 Subpoena and 2016 Subpoena." Under the timetable since set by the Court, sanctions will begin to accrue on April 3, 2017.

**Subject E's Failure to Produce Documents From 2005 and 2006**

      From speaking with a financial professional who had direct dealings with Subject E and was involved in managing accounts for Subject E, the Government has learned, in substance and in part, that the source of the funds in accounts held by the Subject E Foundation (established in 2006), was a Swiss bank account held directly in Subject E's name.

      While Subject E has arranged for the production of a number of documents to date, there is a significant omission: documents from 2005 and 2006 relating to an account held in Subject E's name, and account balance statements and related documents from 2006 for an account held by the Subject E Foundation.  These are key documents that relate to critical and central subjects of the ongoing grand jury investigation: the circumstances surrounding the establishment of the Subject E Foundation, the source of its funds, and who was involved.  The Government raised these omissions with counsel for Subject E over two weeks ago, on March 15, 2017, but it appears that nothing has been done to remedy the omission.

**Subject E's Failure to Take Steps to Obtain Documents**

Subject E has a straightforward obligation: "produce[] documents responsive to the 2010 Subpoena and 2016 Subpoena." Sanctions Order at 20. Neither the Court nor the grand jury has specified the exact mechanism that Subject E must use to obtain documents within her control, such as a particular written directive to a particular bank. It is Subject E's responsibility to select the mechanism, provided it satisfies her ultimate obligation. The Government's concern is that the required documents be produced, not how Subject E goes about gathering them.

Subject E's efforts have fallen short, and appear to have been done to create the appearance—but not the fact—of compliance with the Court's order. Counsel for Credit Suisse informed the Government that, over one month ago, on February 28, 2017, Credit Suisse's counsel sent a letter to Subject E's counsel requesting that Subject E sign a particular directive (the "Requested CS Directive") that would allow the full release of relevant records. A copy of that letter is attached hereto as Exhibit A, which includes the Requested CS Directive. Counsel for Credit Suisse informed the Government that the directive was the product of negotiations with counsel for Subject E, and specifically crafted to address concerns raised by counsel for Subject E while still satisfying Credit Suisse's understanding of requirements set forth by Swiss privacy laws. This followed Subject E's refusal to sign the standard form typically executed by Credit Suisse clients who wish to obtain copies of their account records (attached hereto as Exhibit B, which form was provided by Credit Suisse to counsel for Subject E on February 16, 2017). However, counsel for Credit Suisse and counsel for Subject E have confirmed that Subject E never executed the Requested CS Directive.[1]

Whether Subject E elects to execute (a) the Requested CS Directive, (b) the standard Credit Suisse directive that has been used by numerous U.S. taxpayers who have in good faith sought to obtain their records, or (c) some other directive drafted in cooperation with Credit Suisse's legal counsel, is up to Subject E.[2] Similarly, whether Subject E elects to have the officers of the Subject E Foundation execute additional directives (which Subject E plainly has the power to do, based on her submission), or elects to have a representative fly to Switzerland to obtain documents in person, is also up to Subject E. But, under this Court's order, more can and must be done, because it cannot be seriously disputed at this point that Subject E has the legal and practical ability to obtain the relevant records. *See* Sanctions Order at 17 ("Because Subject E has not produced all records within her 'care, custody, or control'—defined as the legal

---

[1] Subject E's counsel apparently did receive an incomplete set of account documents from Credit Suisse, and provided those to the Government. However, counsel for Credit Suisse has informed the Government that those documents were mistakenly produced, and that further documents will only be produced if an appropriate directive is executed.

[2] Subject E cites case law addressing what language a court can compel a subpoena recipient to include or omit in a directive to a foreign financial institution. *See In re Grand Jury Subpoena*, 826 F.2d 1166, 1171 (2d Cir. 1987); *see also In re N.D.N.Y. Grand Jury Subpoena #86-0351-S*, 811 F.2d 114, 117 (2d Cir. 1987). But those cases are inapposite. The Court here has not compelled any particular language in a directive; it has compelled a result and left the mechanism up to Subject E.

2

authority or practical ability to obtain such records—she is in violation of the Compulsion Order.").

    Subject E's continued refusal to fully comply with this Court's orders, after being given repeated opportunities to do so, makes clear that only the actual imposition of a financial sanction will compel her to compliance. Therefore, the Government respectfully submits that the Court should deny Subject E's motion to vacate and allow the $1,000 per day sanction to take effect.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: *Jared Lenow*
Jared Lenow/Katherine Reilly
Assistant United States Attorneys
(212) 637-1068 / 6521

Cc (by Email):

Alain Leibman, Esq.
Matthew S. Adams, Esq.

3